Argued February 23, affirmed March 1, 1927.

# STATE *v.* ERIC MATSON.

### (253 Pac. 527.)

**Criminal Law—Reprimand of Counsel for Unwarranted Statement That Rape Took Place in Five Minutes Held not Error.**

1. In prosecution for rape, claimed to have been committed in prosecutrix's house, where prosecutrix did not state length of time defendant was in house, reprimand of counsel's assumption that act took place in five minutes, as without basis, *held* proper function of court.

**Criminal Law—Reprimand of Counsel for Statement Concerning His Personal Knowledge of Fact Sought to be Proved Made in Course of Cross-examination was not Improper.**

2. Where in cross-examination in rape prosecution counsel stated that defendant's wife had been home all night, court could in exercise of inherent power reprimand him for nonobservance of rules, as attorney who wishes to testify to fact sought to be proved should be first sworn as witness.

**Criminal Law—Attorney may not Include Within Question Statement of Personal Knowledge of Fact Sought to be Proved.**

3. Attorney may not include within a question any statement of personal knowledge of truth of any disputed fact in issue, where burden of proving fact rests on his client.

**Rape—Conversation Between Defendant's Housekeeper and Prosecutrix After Offense and not in Defendant's Presence Held Inadmissible, Unless Relating to Complaint.**

4. Excluding conversation between prosecutrix and defendant's housekeeper, not in defendant's presence *held* not error in rape prosecution, where question was not asked to impeach prosecutrix or to show making of complaint, and was not part of *res gestae,* housekeeper having testified prosecutrix made no complaint to her.

**Rape—Particulars of Complaint of Woman on Commission of Rape are Inadmissible Unless Contemporaneous With Offense.**

5. Though fact of early complaint of woman on commission of rape is admissible, particulars of statement should not be admitted unless contemporaneous with offense and part of *res gestae.*

**Rape—Testimony That Defendant Remained on Friendly Terms With Housekeeper, Whom Prosecutrix Went to See on Day of Alleged Rape, Held Inadmissible.**

6. That defendant accused of rape continued on friendly relations with housekeeper after alleged commission of rape on woman who came to see housekeeper *held* inadmissible, as rule that evidence of

4. See 22 R. C. L. 1218.
5. See 22 R. C. L. 1213.

subsequent friendly relations between defendant and prosecutrix may be shown does not apply to third persons.

**Witnesses—Cross-examination of Witness, Who Testified Defendant's Reputation for Chastity was Good, as to Whether He had Heard Defendant's Wife Got Divorce for Defendant's Improper Relations, Held Permissible in Rape Prosecution.**

7.   Cross-examination of witness in rape prosecution, who testified defendant's reputation for chastity was good, as to whether he had heard people say defendant's wife secured divorce for improper relations of defendant with houskeeper *held* permissible.

---

Rape, 33 **Cyc.**, p. 1457, n. 37, p. 1464, n. 67.
Trial, 38 **Cyc.**, p. 1320, n. 49, p. 1322, n. 67.
Witnesses, 40 **Cyc.**, p. 2490, n. 12.

From Columbia: J. A. EAKIN, Judge.

Department 1.

AFFIRMED.

For appellant there was a brief over the names of *Mr. C. W. Robison* and *Mr. Harold Banta,* with an oral argument by *Mr. Robison.*

For respondent there was a brief and oral argument by *Mr. John L. Foote,* District Attorney.

RAND, J.—The defendant Eric Matson was tried and convicted of the crime of rape and was sentenced to imprisonment in the penitentiary for a period of five years. He appeals from the judgment imposed contending that the learned trial judge in ruling upon certain objections, made remarks which reflected upon the attorney conducting the case for the defendant, thereby depriving him of a fair and impartial trial.   The matters referred to are as follows:

1. The prosecuting witness, Mrs. Hattie Larson, testified that just prior to the commission of the crime, she had gone over to defendant's home to see his housekeeper and upon finding that she was not

---

7.   See 8 **R. C. L.** 211.

there, had started to walk back to her home when she was overtaken by the defendant who drove her home in an automobile, followed her into the house, no one else being present, and there committed the crime of which he was accused. During her cross-examination she was interrogated as to the length of time which ensued between the time when she got into the automobile and the time when defendant, having consummated the crime, left her house when the following occurred:

"Q. Mrs. Larson, from the time that you left Matson's home and from the time that Eric Matson left you, how much time elapsed? A. Well, I could not tell you exactly but I don't suppose it was very long because we went right on over and it is about, I would say almost a mile or three quarters of a mile, somewheres.

"Q. It is not any more than a five minute ride over there, five minute drive? A. Probably, probably a little over; I don't know exactly the time.

"Q. Would you say that Eric Matson was over to your house with you and then drove you home and was out of your presence and on his way back in ten minutes? A. You say he drove me home?

"Q. Yes, he did. A. He did not—yes, he drove me home.

"Q. Sure he drove you home? A. Well, sure; I was in the car with him.

"Q. Yes. A. I—

"Q. Would you say that he was over there to your home and had driven you from his home in a period of longer than ten minutes? A. It was—well, I would not say just how long it was.

"Q. You won't say how long it was? A. No, it was—it was not over ten minutes; maybe it was ten minutes, but I don't say how long it took to go over there. I could not tell you that.

"Q. Well, then, all this act is supposed to have happened as they say in the circus, down, out and over in less than five minutes?"

(Which being objected to the Court said:) "There is nothing to base that assumption on."

The witness did not state that Matson was in her house only five minutes and there was no basis for the assumption by defendant's counsel that the crime was consummated in five minutes. The witness did not attempt to state the time definitely, the form of the question was objectionable and the court's ruling thereon was proper and did not in any way deprive the defendant of a fair trial.

2. Again, on the cross-examination of Martin White, one of the state's witnesses, after he had testified that the defendant and his wife had been divorced, and that he had made a complaint to the defendant about defendant's treatment of his wife, the following occurred:

"Q. Well, at the present time that same wife is right there at home, isn't she? A. I don't know; I haven't saw Mrs. Matson for several months.

"Q. She was there twenty minutes ago; I stayed there all night.

"Mr. Foote: You testifying?

"Mr. Shinners (defendant's attorney): I will if you want me to.

"The Court: Mr. Shinners, you will have to conduct yourself in accordance with the rules of the court.

"Q. You don't know Mrs. Matson is there?

"The Court: I say you cannot take the control of this court into your hands.

"Mr. Shinners: I am not trying that.

"The Court: Conduct yourself according to the rules of the court."

3. In formulating questions to be propounded to witnesses in the trial of causes it is not proper for an attorney to include within a question any statement concerning his personal knowledge of the truth of any disputed fact in issue where the burden of proving that fact rests upon the party he represents. If the fact is material and he desires to prove it, he should before stating it, be sworn as a witness and then give testimony concerning the truth of the same.. Defendant's counsel transgressed this rule, and it was proper for the court to call him to account therefor. In ruling upon this question the court was merely exercising one of the powers which is inherent in the court and is essential to the orderly trial of causes.

4. Defendant contends that it was error for the court to sustain an objection to a question propounded by defendant's counsel to Mrs. Weeden, one of defendant's witnesses, calling for a conversation between herself and the prosecuting witness. The defendant was not present at the time of the conversation and no foundation had been laid for the impeachment of Mrs. Larson by this witness and the question was not asked as an impeaching question, and hence the court correctly held that unless the conversation related to the making of a complaint by Mrs. Larson, evidence of such conversation was inadmissible.

5. The common rule in cases of rape is that the fact of an early complaint made by the woman upon whom the offense is alleged to have been committed may be given in evidence, but the particulars of her statement are not admissible. This rule has been adopted in this state: *State* v. *Tom*, 8 Or. 177, 180; *State* v. *Sargent*, 32 Or. 110 (49 Pac. 889). Of course, when the declaration is contemporaneous with the offense,

it is a part of the *res gestae* and then the particulars of the statement are admissible. Mrs. Weeden had already testified that Mrs. Larson made no complaint to her and that she had no inkling of the fact that Mrs. Larson had been subjected to any personal violence. Under these circumstances it was proper for the court to exclude the conversation.

6. It is also contended that the court erred in excluding testimony tending to show that after the commission of the offense, the prosecutrix continued to remain on friendly terms with defendant's housekeeper Mrs. Weeden. While in rape cases evidence tending to show that the woman upon whom the offense is alleged to have been committed continued after the offense, to remain on friendly terms with the person accused of the crime, is admissible for the purpose of rebutting the charge, that rule is not applicable to the relations between the prosecutrix and third persons. The testimony offered was immaterial and properly excluded.

7. It appears from the bill of exceptions that the defendant, for the purpose of proving that his general reputation for chastity in the neighborhood in which he resided was good, called as a witness one Eric Backlund who testified to that effect, and that on cross-examination he was asked if he had ever heard people say that defendant's wife had secured a divorce because of improper relations upon his part, with his housekeeper Mrs. Weeden, to which the witness answered "No." The question was again repeated to the witness and over the objection of the defendant, the witness answered "Yes." This ruling is assigned as error. That this is proper cross-examination is abundantly established by *State* v. *Ogden,* 39 Or. 195 (65 Pac. 449); *State* v. *Doris,*

51 Or. 136, 160 (94 Pac. 44, 16 L. R. A. (N. S.) 660);
*State* v. *Bateham*, 94 Or. 524 (186 Pac. 5); *State* v.
*Harvey*, 117 Or. 466 (242 Pac. 440). A restatement
of the rule and the reason for the rule is unnecessary.

Finding no error in the record the judgment is
affirmed.                                   AFFIRMED.

BURNETT, C. J., and COSHOW and McBRIDE, JJ.,
concur.