Argued September 5, affirmed September 26, 1951

## STATE OF OREGON *v.* RISEN
### 235 P. 2d 764

*Mervin W. Brink,* of Hillsboro, and *Leo Levenson,* of Portland, argued the cause for the appellant. With them on the brief was W. C. Schwenn, of Hillsboro.

*G. Russell Morgan,* District Attorney of Washington County, argued the cause and filed a brief for respondent.

Before BRAND, Chief Justice, and HAY, ROSSMAN, LATOURETTE and WARNER, Justices.

HAY, J.

Adolph Risen has appealed from a judgment of conviction of the crime of rape. The prosecuting witness was Alene Risen, his wife's daughter, who, at the time of the commission of the crime, was barely 19 years old. Defendant's age does not appear in the record, but, as he and Alene's mother had been husband and wife ever since Alene was about a year and a half old, we presume that he is of middle age.

Defendant's family consisted of his wife, two minor sons, a daughter nine years old, and Alene. Alene had apparently adopted her stepfather's surname, although there was no evidence that she had been adopted by him.

Alene and her younger sister slept together in a room on the second floor of the family dwelling. They were in the habit of sleeping with their bedroom door locked. During the night of the day mentioned in the indictment, defendant entered the girls' bedroom through a window, access to which he gained by means of a ladder which he placed against the wall of the house. Alene testified that defendant got in bed with her, slapped her, told her not to wake her sister, and asked her if she "was going to do it." She refused, but he "fought and pulled her around" until he got her on her back. She tried to talk to her sister, but was unable to do so as he had his arms around her neck so that she could not turn her head. His forearm was held under her chin. She struggled to get loose and to get out of the bed. Defendant did not choke

her or have his hand over her mouth, but she admitted that she made no outcry. She said that she was just scared and has been scared ever since. Despite her resistance, the defendant was able to accomplish his purpose.

At the close of the state's case defendant moved for a directed verdict in his favor on the grounds that the state had failed substantially to prove the material allegations of the indictment, and particularly that there was no material, substantial evidence of the use of force. At the conclusion of the case he renewed his motion. Both motions were denied. He assigns such denial as error, contending that there was no substantial evidence that the prosecuting witness resisted his advances and that her resistance was overcome by force.

Defendant admits having entered the girls' bedroom and having had sexual intercourse with Alene. He claims that she consented to the intercourse. Alene denies this.

■ To constitute rape the act must have been committed forcibly and without the consent of the woman. *State v. Gilson,* 113 Or. 202, 206, 232 P. 621; 44 Am. Jur., Rape, § 8. The woman must resist by more than mere words. Her resistance must be reasonably proportionate to her strength and her opportunities. It must not be a mere pretended resistance, but in good faith and continued to the extent of the woman's ability until the act has been consummated. 44 Am. Jur., Rape, § 7; *People v. Dohring,* 59 N.Y. 374, 17 Am. Rep. 349, 355; *Mills v. United States,* 164 U.S. 644, 648, 41 L. ed. 584, 17 S. Ct. 210; *Brown v. State,* 127 Wis. 193, 199, 106 N.W. 536; *Bailey v. Commonwealth,* 82 Va. 87, 107, 3 Am. St. Rep. 89. Those are the law's require-

ments in the case of a woman "in the normal condition, awake, mentally competent, and not in fear." 2 Bishop on Criminal Law, 9th ed., § 1122 (5). If the evidence does not show that the woman resisted to the utmost extent of which she was capable, the jury may infer that, at some time during the course of the act, it was not against her will. Nevertheless, the phrase "the utmost resistance" is a relative one; one woman's resistance may be more violent and prolonged than that of another. Moreover, the attending circumstances may modify the requirements of the rule. *People v. Dohring*, supra, 59 N.Y. 374, 17 Am. Rep. 349, 356; 44 Am. Jur., Rape, § 7; *State v. Hogg*, 64 Or. 57, 59, 129 P. 115.

■■ In the present case, the complaining witness was a young girl toward whom for more than 17 years the defendant had stood in *loco parentis*. At 19 years of age she had attained no more than a sophomore grade in high school. She has some impediment of speech which prevents her from speaking very clearly, and a reading of her testimony indicates that her intelligence is not of a very high order. Upon such a person the constraints of family discipline and the habit of obedience must necessarily exercise a considerable influence. How a more mature and more intelligent woman might have reacted under the circumstances is not in point. The question is, whether or not, under the peculiar circumstances of this case, the resistance which was offered by this girl measured up to the standards prescribed by the rule. The general appearance, demeanor, and degree of intelligence of the girl were observed by and must have been taken into account by the jurors in considering whether or not she resisted to the utmost. The reason why evidence of

resistance is important is to show carnal knowledge of the woman by force and nonconsent on her part. *State v. Colestock,* 41 Or. 9, 12, 67 P. 418. Where submission of a girl is induced "through the coercion of one whom she is accustomed to obey, such as a parent or one standing in loco parentis," the law is satisfied with less than a showing of the utmost physical resistance of which she was capable. *Hammond v. State,* 39 Neb. 252, 58 N.W. 92, 94; *State v. Mertz,* 129 Wash. 420, 225 P. 62; *Hill v. State,* 143 Md. 358, 122 A. 251, 253, 254.

"* * * There may be cases in which to place undue emphasis upon its [the rule's] requirement improperly will convert the issue into the trial not of the man but of the woman. Resistance is necessarily relative. It is accordingly not necessarily illogical for courts to apply the general rule requirement of most vigorous resistance to common cases, and to modify it in varying degrees and peculiar circumstances, and to refuse to apply it to exceptional cases." *State v. Cowing,* 99 Minn. 123, 108 N.W. 851, 9 Am. & Eng. Ann. Cas., 566, 568.

"It must be remembered that from early childhood, * * * this girl has been accustomed to behold in this assailant her only protector and guardian. She has been accustomed from her earliest childhood, not only herself to yield obedience, but to see all others in the domicile yield obedience to this man, who stood to her in the relation of a father, and her feelings of consternation may be imagined * * *.

"This assailant was scarcely in a position to obtain the consent of his step-daughter; and if he, against her directions to the contrary, entered her bed * * * and had sexual intercourse with her against her consent, by force, the crime is complete.

"Should he be permitted to shelter himself behind the circumstances that she made but little actual resistance, and no outcry, under circum-

stances, to her, so confusing and so intimidating? There he was, one in authority, standing over her.
\* \* \*

"That she felt herself in his power, and took too much counsel of her fears and her helplessness, is a matter that he cannot plead in extenuation of his crime. \* \* \*" *Bailey v. Commonwealth,* supra, 82 Va. 107, 3 Am. St. Rep. 87, 90.

■ We are of the opinion that, under the peculiar circumstances of this case, the evidence of nonconsent of the complaining witness was sufficient to take the case to the jury.

■■ Defendant calls attention to the fact that Alene failed to make any complaint of the assault upon her until about a week after the offense, when she reported it to her mother. Failure to make complaint as soon as possible after commission of the offense is a circumstance tending to show consent. 44 Am. Jur., Rape, § 103; *State v. Birchard,* 35 Or. 484, 491, 59 P. 468. Such failure, however, may be explained and excused. A sufficient explanation may be found in the particular circumstances of the case, including the age of the prosecutrix, her degree of intelligence, and threats by the perpetrator of the wrong. *State v. Friddles,* 62 Or. 209, 211, 123 P. 904; 44 Am. Jur., Rape, § 103. No threats were employed by the accused in this case, but the girl's youth and low degree of intelligence, coupled with the fact that her ravisher was her stepfather, standing towards her in loco parentis, may well have been considered by the jury as sufficient reasons to impel her not to make immediate complaint.

There was evidence that defendant, subsequent to the date alleged in the indictment, made a second attempt to rape the prosecutrix. Defendant asserts that this was evidence of the commission of an offense

wholly unrelated to the crime charged in the indictment, and that its admission was error.

It was shown that, within a day or two after the first incident, Alene procured locks for the bedroom windows. The locks were installed for her by one of her brothers. Thereafter, the girls slept with the windows of their bedroom locked as well as the door. They arranged between them that, if the defendant tried to force his way in, the younger girl would immediately run downstairs and call their mother. On a night about a week after the date of the alleged rape, the girls were awakened from sleep by noise made by defendant in attempting to force an entry through one of the locked windows. He had again climbed to the window by means of a ladder, and, on finding it locked, had descended and procured a screwdriver, with which, on his return, he forced an entrance. The younger girl, in the meantime, in accordance with the arrangement, had called her mother and, by the time that defendant had finally gained entrance to the room, was returning upstairs. Upon hearing her approaching, the defendant, who had partially disrobed and had removed his shoes, hid himself in a clothes closet. The mother followed her daughter almost immediately, and, on entering the bedroom and seeing defendant's clothing upon the floor, went to the closet, wherein he was endeavoring to conceal himself behind a brick chimney, and pulled him out. Defendant attempted, somewhat feebly, to stand upon the poor shreds of his dignity, and said that, after all, the house was his, and he should be entitled to stay in a clothes closet if he wanted to!

We are of the opinion that no error was committed by the court in admitting the evidence in ques-

tion. Although as a general rule in criminal prosecutions evidence is inadmissible which tends to show that the accused is guilty of crimes other than that charged in the indictment, an exception is recognized in several jurisdictions, including Oregon, in cases where a defendant is charged with any form of illicit sexual intercourse. In such cases, evidence that the defendant, either before or after the date charged in the indictment, had committed similar offenses with or against the same person named in the indictment as either victim or *particeps criminis,* is admissible against him. *State v. Hardin,* 63 Or. 305, 308, 127 P. 789; *State v. Robinson,* 32 Or. 43, 50, 48 P. 357; *State v. Coss,* 53 Or. 462, 467, 101 P. 193. The rule was adopted in Oregon by way of dictum in *State v. O'Donnell,* 36 Or. 222, 226, 61 P. 892. It is as follows: "When a prisoner is charged with any form of illicit sexual intercourse, evidence of the commission of similar crimes by the same parties is admissible to prove an inclination to commit the act for which the accused is put upon his trial." This rule has been stated frequently since then by this court in illicit sexual intercourse cases, the latest being *State v. Ewing,* 174 Or. 487, 496, 149 P. 2d 765.

During the argument of the district attorney to the jury he said, referring to the defendant, that he would like to choke the man. As the arguments of counsel were not reported, only that particular remark of the district attorney was made a matter of record by being incorporated in a motion by defendant's counsel for mistrial because of such remark. We assume that the remark was made in detailing and characterizing the acts of the defendant as shown by the evidence. The motion for mistrial was denied and the court immediately instructed the jury that "the remarks made by

counsel with respect to any prejudice he may have is not to influence you in any way in reaching your decision in the matter.''

It is to be remembered that defendant admitted having had sexual intercourse with Alene. He made the remarkable assertion that, about a year before the time of the alleged rape, this young girl seduced him. This incident "kind of perturbed him a little" and flustered him. Thereafter, he claimed, they had intercourse on two or three occasions in the girls' bedroom.

In *State v. Patrick,* 131 Or. 209, 218, 282 P. 233, the district attorney, in argument to the jury, sharply criticized the defendant and likened him to a wrecker and defiler of character. This court held that no error was committed thereby; that the district attorney's argument had some foundation in the evidence; and that we could not say that it went beyond the bounds of legitimate argument. Some latitude should be allowed to a prosecuting attorney in his argument in a criminal case in which there is evidence sufficient to justify a denunciation of the defendant's conduct in strong terms, and here even defendant's admitted conduct was of such a character. The remark of the district attorney was improper, but, under the circumstances, was no doubt excusable. In any event, the court promptly instructed the jury to disregard the remark, and we are of the opinion that no reversible error resulted. *State v. Birchard,* supra, 35 Or. 484, 498, 59 P. 468; *People v. Spaulding,* 309 Ill. 292, 141 N.E. 196, 203; *People v. Reed,* 333 Ill. 397, 164 N.E. 847, 856; *People v. Preston,* 341 Ill. 407, 173 N.E. 383, 77 A.L.R. 631, 640; *People v. Bonham,* 348 Ill. 575, 181 N.E. 422, 428; *People v. Bolton,* 365 Ill. 39, 5 N.E. 2d

230, 237; *Clark v. Commonwealth*, 209 Ky. 51, 272 S.W. 11, 12; 23 C.J.S., Criminal Law, § 1102; 53 Am. Jur., Trial, § 506.

Bearing in mind Lord Hale's caution that a charge of rape is easily made and difficult to disprove, we have given careful consideration to the record in this case, and have concluded that defendant's motions for a directed verdict and for a mistrial were properly denied. No error appearing, the judgment is affirmed.