Argued June 30, affirmed September 10, 1964

## STATE OF OREGON *v.* YIELDING
395 P. 2d 172

*M. Chapin Milbank,* Salem, argued the cause and filed briefs for appellant.

*Norman F. Webb,* Deputy District Attorney, Salem, argued the cause for respondent. With him on the brief was Hattie Bratzel Kremen, District Attorney, Salem.

Before McALLISTER, Chief Justice, and ROSSMAN, SLOAN, GOODWIN and LUSK, Justices.

GOODWIN, J.

The defendant was convicted of violating ORS 163.220 (rape of daughter) and appeals.

The first assignment of error challenges the trial court's refusal to instruct the jury in accordance with the defendant's requested instruction upon alibi as a defense.

The indictment charged the defendant with the commission of the crime "on or about the 6th day of October, 1962." The evidence tended to show that if the crime was committed at all it was committed upon several occasions during the last week of September and the first week of October of 1962.

Upon opening its case, the state said that it would prove a specific event during the last week of September. The prosecuting witness testified to such an event but was unable to specify the particular day upon which the crime was committed. She testified that she usually went to bed between 9:00 p.m. and 10:00 p.m. She further testified that the first of such assaults took place after she had retired for the night, but before she had gone to sleep. She said her father came into her bed and forced her to have intercourse.

The defendant did not contend that he had an alibi for any particular night. He asserted only that he did not get through work until 10:00 p.m., and that, allowing a reasonable time to clean up after work and to travel home, he could not have been in the girl's bed by 10:30 on any night.

The girl's estimate of the time of night when the event happened was at best a mere guess. She said her father was in his work clothes, and she assumed that he had just come in from work. She then placed the time at "about 10:30." The defendant made no attempt to represent to the court that his so-called alibi witnesses would swear to any facts that would be inconsistent with the truth of the girl's testimony. The best

that could be said for the alibi testimony was that it might have shown the girl to be in error by a few minutes in her estimate of the hour. Such testimony might have gone to the weight and credibility of her evidence, but it would not have amounted to proof of an alibi. The girl had not been able to recall the time with sufficient specificity to make an hour-and-minute alibi relevant.

■ Before an instruction on alibi need be given, there must be some proof in the record that would tend to show that the accused was absent from the scene of the crime at the time of its commission. *State v. Poole,* 161 Or 481, 495, 90 P2d 472 (1939). If, from all the evidence, the proof that the defendant offers is consistent with the state's proof of guilt, there is no occasion to instruct the jury upon the defense of alibi. Other instructions given by the court fully covered the defendant's right to be presumed innocent until the state proved beyond a reasonable doubt that he committed the crime. There was no error in refusing the requested instruction.

■ The next assignment of error challenges a ruling which permitted the prosecuting witness to tell the jury that she had complained to her sister concerning her father's behavior. She said she made the complaint "four or five days after the first time" her father assaulted her.

We find no error in permitting the girl so to testify. *State v. Matson,* 120 Or 666, 670-671, 253 P 527 (1927). The particulars of such a complaint may not be given by the person who heard it, unless the complaint was so contemporaneous with the crime as to be part of the *res gestae. State v. Hutchison,* 222 Or 533, 539, 353 P2d 1047, 83 ALR2d 1361 (1960). The state does not

claim that the complaint made by the victim was part of the *res gestae,* but only that a complaint was made. This fact is competent evidence to corroborate the testimony of the prosecutrix.

The third assignment of error challenges the failure of the trial court prior to the trial to require the state to elect a specific date which it would attempt to prove as the date upon which the crime was committed. After the state had commenced its case-in-chief, the court required an election of a specific act of intercourse. However, the defendant contends that since, prior to trial, he had made a timely motion, it was error to deny the motion to require the state to elect a specific date as well as a specific act.

■ Ordinarily, the state is not required to prove the specific date of the commission of the crime. See *State v. Howard,* 214 Or 611, 615, 331 P2d 1116 (1958); *State v. Pace,* 187 Or 498, 212 P2d 755 (1949). Even if the defendant attempts to make the date an issue by a request to have the state elect a date, the trial court need not require the state to elect until there has been enough testimony received to enable the prosecution to make an intelligent choice. *State v. Keelen,* 103 Or 172, 203 P 306, 204 P 162, 204 P 164 (1922). The nature of the crime and, in the case of a crime of the kind now before us, the age of the child, the testimony concerning whether the commission of the act was frequent or infrequent, and other considerations may make it unfair to the state to require too early an election. On the other hand, the trial court must be alert to the danger to the defendant if, after the evidence is in such condition that it can properly do so, the state is not required to settle upon a particular criminal act. *State v. Keelen,* supra at 180.

However, even after the particular criminal act has been selected by the state, the exact date may remain impossible of proof. Exact time is not, however, a vital element in such crimes. ORS 132.610; *State v. Jackson,* 221 Or 315, 325, 351 P2d 439 (1960).

■ In the exercise of its discretion, the trial court should require the state to settle upon a specific criminal act as soon as it can reasonably do so. If no specific date can be proven, the state is permitted to prove that the crime happened "on or about" the date alleged in the indictment. *State v. Shafer,* 222 Or 230, 351 P2d 941 (1960).

■ When a defendant asks for a specific date, and can show that the time element is essential to his defense, as when an act committed after a certain date would not be a crime, the court must require the state to prove the date, but a defendant cannot make time an issue simply by claiming that he has an alibi. *State v. Jackson,* supra at 325. There was no error in the ruling which permitted the state to put on the testimony of the prosecutrix without electing a specific date upon which it would rely.

Affirmed.