Argued February 16, affirmed March 5, 1971

STATE OF OREGON, *Respondent, v.*
LARRY JAMES SLOAN, *Appellant.*

481 P2d 646

*William G. Whitney,* Portland, argued the cause and filed the brief for appellant.

*Thomas H. Denney,* Assistant Attorney General, Salem, appeared for respondent. With him on the

brief were Lee Johnson, Attorney General, and Jacob B. Tanzer, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and THORNTON, Judges.

LANGTRY, J.

Defendant was indicted and convicted of forcible rape and appeals, asserting that the element of force upon the 20-year-old victim was not proved. The evidence was that the victim is retarded, having the mentality of a five-year-old child. It also showed that she was taken from her home by the 19-year-old defendant, who had struck up an acquaintance with her on the date in question, and that the victim's mother, who cared for her, did not give her consent thereto. The victim's mother next saw her daughter in front of defendant's sister's home the next morning. Her face was skinned, she was bruised in several places, and buttons were torn off her dress. She testified that the defendant had undressed her, slapped her, struck her several times with a broom, and had sexual intercourse with her against her wishes. Defendant testified to sexual intercourse with the victim several times on the night in question, but that it was with her consent, and that she seemed normally intelligent at the time.

When defendant's counsel moved for acquittal after the evidence had been produced, the trial judge said that from his observations he didn't think anyone seeing and talking with her could help knowing the victim "was as helpless as any child could ever be. * * * She wouldn't have any idea of consent * * *. I think she is a hopeless, poor, sick little girl * * * I realize there is a question of consent * * * but how

[could] anybody * * * take the stand and say she seemed * * * completely normal * * * they are committing perjury." This was, of course, out of the jury's presence, and was the court's reasoning for finding the case should be submitted to the jury.

After properly instructing the jury on the elements of force and resistance necessary in this crime, the court instructed the jury that when a woman yields:

"* * * [I]nduced by fear that it is necessary [to yield in order] to save her from violence or death * * * her conduct * * * does not constitute consent.

"* * * Legal consent * * * presupposes an intelligence capable of understanding the act, its nature and possible consequences. Such intelligence may exist with an impaired or feeble intellect or it may not.

"The burden is on the State to show that the female lacked the intelligence to consent * * * and that the perpetrator knew of her lack of intelligence in that regard.

"As I have mentioned, the burden of proof rests upon the State to establish beyond a reasonable doubt the truth of the material allegations * * *."

The defendant contends that this instruction is inappropriate to a charge of forcible rape, and that an indictment that charges forcible rape does not apprise defendant of the nature of the charge against him if it is based on incapability of the victim to give consent.

In *State v. Risen*, 192 Or 557, 235 P2d 764 (1951), the charge was forcible rape of a 17-year-old girl in essentially the same words employed in the in-

dictment in the case at bar. The evidence in *Risen* was that defendant used some force; the victim offered some resistance, but did not cry out. She was defendant's stepdaughter.

The Oregon Supreme Court said that the rape must have been forcible and without consent; resistance must be reasonably proportionate to the victim's strength and opportunity, continued in good faith to the extent of ability until consummation.

> "* * * Those are the law's requirements in the case of a woman 'in the normal condition, awake, mentally competent, and not in fear.' * * * [T]he phrase 'the utmost resistance' is a relative one; * * * circumstances may modify the requirements of the rule * * *." 192 Or at 560-61.

The court noted that the victim had a speech impediment and her testimony indicated:

> "* * * [H]er intelligence is not of a very high order. * * * How a * * * more intelligent woman might have reacted * * * is not in point. The question is, whether * * * under the peculiar circumstances * * * the resistance * * * measured up to the standards * * *." 192 Or at 561.

■■ The above quotations illustrate that the instructions given by the trial judge in the case at bar measured up to the requirements of *Risen*. The indictment fairly apprised defendant of the charge, for the proof was of forcible rape under the peculiar circumstances of the case. Defendant's assertions of error are without merit.

Affirmed.