Argued September 21, reversed and remanded November 5, 1971

## STATE OF OREGON, *Respondent, v.*
## JAMES E. WAITES (C-58400), *Appellant.*

490 P2d 188

*Kevin P. O'Connell,* Portland, argued the cause for appellant. With him on the brief were O'Connell, Goyak, Haugh & Loew, Portland.

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

Before Schwab, Chief Judge, and Langtry and Thornton, Judges.

SCHWAB, C. J.

Defendant was convicted of raping his 14-year-old daughter, ORS 163.220, and appeals.

■ The prosecuting witness testified that the rape took place on August 30, 1969, as charged in the indictment, and that as a result she ran away from home the next day. She also testified that sexual assaults by the defendant had been taking place regularly over approximately a two-year period before August 30, 1969.[1]

---

[1] It was permissible for the prosecuting witness to testify there had been other acts of intercourse in addition to the one

█ Mrs. Bryan, a juvenile court counselor, appeared as a witness for the state. In connection with her work, Mrs. Bryan had numerous intermittent contacts with the prosecuting witness starting in 1965. Of present importance are Mrs. Bryan's contacts with the prosecuting witness during September of 1969. After running away from home, the prosecuting witness was arrested on a shoplifting charge on September 1, 1969, and taken to the Juvenile Detention Home, and apparently remained there during all or most of the month of September. Mrs. Bryan saw and spoke with the prosecuting witness frequently during this period.

At trial, Mrs. Bryan testified as to a conversation that took place September 18, 1969, between herself and the prosecuting witness. Over appropriate objections, Mrs. Bryan testified the prosecuting witness told her: (1) she had been sexually assaulted on August 30, 1969; (2) similar assaults had taken place frequently over a two-year period prior to that date; and (3) all such assaults took place in the victim's family home. Mrs. Bryan said nothing about the identity of the assailant, other than indirectly through the reference to the victim's family home.

Defendant's principal contention is that it was error to admit the objected-to portions of Mrs. Bryan's testimony.

Mrs. Bryan's testimony concerning the complaint made to her by the prosecuting witness was hearsay, and is therefore inadmissible unless coming within one of the recognized exceptions to the hearsay rule. *State v. Emery,* 4 Or App 527, 480 P2d 445 (1971).

_____

charged in the instant indictment. State v. Kristich, 226 Or 240, 359 P2d 1106 (1961).

One well-established exception would permit Mrs. Bryan to testify to all the details of the complaint made, if it was reasonably contemporaneous with the alleged sexual assault.

"* * * [W]hen the declaration is contemporaneous with the offense, it is a part of the *res gestae* and then the particulars of the statement are admissible * * *." *State v. Matson,* 120 Or 666, 670-71, 253 P 527 (1927).

*See also, State v. Hutchison,* 222 Or 533, 353 P2d 1047, 83 ALR2d 1361 (1960). However, this exception is not available in the case at bar, because here the complaint was made almost three weeks after the alleged offense. *See, State v. Emery,* supra.

■ There is another exception applicable to prosecutions for sexual offenses that was recognized early in Oregon jurisprudence. *State v. Sargent,* 32 Or 110, 49 P 889 (1897); *State of Oregon v. Tom,* 8 Or 177 (1879). It provides that a person to whom a complaint of sexual misconduct is made by the prosecuting witness can testify that a complaint was made, but cannot testify as to the details of the complaint.[2] This rule has been consistently followed in Oregon,[3] and apparently has also been adopted in a majority of other jurisdictions. *See,* 75 CJS 523, Rape § 53. Thus, the

---

[2] "The reason of the rule admitting the fact that complaint was made, and excluding the complaint itself, is founded, aside from its being hearsay * * * upon the danger of allowing a designing female to corroborate her testimony by statements made by herself to third persons, and the difficulty of disproving the principal fact by the accused * * *." 44 Am Jur 953, 954, Rape § 84.

[3] State v. Yielding, 238 Or 419, 395 P2d 172 (1964); State v. Haworth, 143 Or 495, 21 P2d 1091 (1933); State v. Matson, 120 Or 666, 253 P 527 (1927); State v. Whitman, 72 Or 415, 143 P 1121 (1914); State v. Ogden, 39 Or 195, 65 P 449 (1901); State v. Birchard, 35 Or 484, 59 P 468 (1899).

exact question presented is whether Mrs. Bryan, in testifying as to the substance of the complaint that the prosecuting witness made to her, exceeded the scope of the limited hearsay exception that has been recognized in cases of this type.

■ There is little guidance in the cases to determine exactly what constitutes permissible testimony that a complaint was made as distinguished from impermissible testimony as to the details of the complaint, other than the clearly established rule that the witness cannot state the identity of the alleged assailant. *See*, e.g., *State v. Whitman*, 72 Or 415, 143 P 1121 (1914). However, after reviewing the prior Oregon cases on this subject, we recently stated:

"* * * Hearsay evidence is permissible for the limited purpose of establishing that a complaint was made *but nothing more*. [Citations omitted.]" (Emphasis supplied.) *State v. Emery*, supra, 4 Or App at 530, n. 1.

Under the but-nothing-more standard stated in *Emery*, we conclude Mrs. Bryan's hearsay testimony as to the location⊕ of the assaults and as to the prior assaults over a two-year period was beyond the scope of the exception here discussed.

Although the state has not here made the argument, a final possible hearsay exception that would sustain the admission of the challenged evidence is stated in the proposed Uniform Rules of Evidence:

"Evidence of a statement which is made other than by a witness while testifying at the hearing

---

⊕ The only case we have found concerning similar hearsay testimony as to the location of a sexual offense held such to be inadmissible. State v. Marshall, 354 Mo 312, 189 SW2d 301 (1945).

offered to prove the truth of the matter stated is hearsay evidence and inadmissible except:

"(1) A statement previously made by a person who is present at the hearing and available for cross examination with respect to the statement and its subject matter, provided the statement would be admissible if made by declarant while testifying as a witness * * *.

"* * * * *." Rule 63.

In this case the out-of-court declarant, i.e., the prosecuting witness, was obviously "present at the hearing and available for cross examination." Thus Rule 63(1) would permit Mrs. Bryan to testify to the full details of the September 18, 1969, conversation with the prosecuting witness.

It has been pointed out that the law in Oregon is not in accord with the proposed Uniform Rule. *See,* Swearingen, *How the Adoption of the Uniform Rules of Evidence Would Affect the Law of Evidence in Oregon: Rules 62-66,* 42 Or L Rev 200 (1963), and cases cited therein. More recently, our Supreme Court has stated:

"As a part of its argument the state urges in effect that we adopt Rule 63(1) of the proposed Uniform Evidence Act. In two previous cases this court has indicated tacit approval of such a rule. *State v. Opie,* 1946, 179 Or 187, 170 P2d 736; *State v. Herrera,* 1963, 236 Or 1, 7, 8, 386 P2d 448. However, in this case it is not necessary to decide if the proposed Uniform Rule should be adopted as a fixed rule of evidence because we have determined that the evidence, if error, was not prejudicial." *State v. Randolph,* 251 Or 45, 47, 444 P2d 545 (1968).

We quoted this same passage from *Randolph* in *State v. Fennell,* 7 Or App 256, 489 P2d 964, Sup Ct

*review denied* (1971), and noted that the *Randolph* decision left the question of whether Rule 63(1) is or is not the law of Oregon in doubt.[9] As doubtful as the question remains, we now conclude that the quoted passage from *Randolph* cannot be interpreted as meaning our Supreme Court has adopted the proposed Rule, and thus by silent implication overruled numerous of its prior decisions. Therefore, we follow those prior decisions. *See,* 42 Or L Rev 200, supra, at 201-02.

The challenged testimony does not come within any of the hearsay exceptions, and it was therefore error to admit it.

The question remains whether its admission was prejudicial error. As is frequently the situation in cases of this type, the dispute at trial was purely a matter of credibility. The prosecuting witness and her mother (defendant's wife) testified for the state. Both were intensely cross-examined along lines suggesting possible reasons for them to be fabricating their testimony. Defendant and his older daughter (the sister of the prosecuting witness) testified for the defense, denying that any misconduct had occurred. All four of these witnesses, all members of the same family, made the family's home life sound less than ideal.

The only witness untainted by this bizarre family background was Mrs. Bryan. Her testimony could easily have amounted to the deciding factor in the jury's determination of guilt. We are therefore unable to conclude that the erroneous admission of

---

[9] State v. Fennell, 7 Or App 256, 489 P2d 964, Sup Ct *review denied* (1971), was concerned with the distinguishable problem of past recollection recorded.

the hearsay parts of Mrs. Bryan's testimony was not prejudicial error in this case. Defendant's conviction must be set aside. *State v. Emery,* supra.

Reversed and remanded.