Argued June 16, affirmed July 19, reconsideration denied August 25, petition for review denied September 14, 1976

STATE OF OREGON, *Respondent,*

*v.*

GEORGE EDMON CLARK, *Appellant.*

(No. 75 3489, CA 5609)

551 P2d 1313

*John K. Hoover,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*W. Michael Gillette,* Solicitor General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and Donald L. Paillette, Assistant Attorney General, Salem.

Before Schwab, Chief Judge, and Langtry and Foley, Judges.

FOLEY, J.

**FOLEY, J.**

Defendant was convicted of oral sodomy on his 14-year-old stepdaughter and received a 10-year sentence.

The stepdaughter testified that shortly after her mother's death in January 1974, defendant commenced having intercourse with her three or four times a week. Defendant remarried in March 1975 and the intercourse with the stepdaughter ceased. However, on June 20, 1975, after a quarrel, defendant and his wife separated. That night defendant took the stepdaughter and his eight-year-old son to a motel in Springfield where he allegedly committed the sodomy offense charged in the indictment.

At trial defendant sought to impeach the testimony of the stepdaughter by attempting to show a motive for recent fabrication of her complaint of sexual misconduct by defendant. The prosecution then offered evidence of prior consistent statements of the stepdaughter. Two young girls about the age of the stepdaughter testified that she had told one of them in March 1974 and the other in May 1974 about sexual acts allegedly committed against her by the defendant. Defendant's sole assignment of error is the admission of this evidence introduced to bolster the stepdaughter's credibility. We affirm.

Ordinarily a witness's out-of-court statements are not competent evidence to corroborate his in-court testimony. However, where the witness's credibility has been attacked on the ground that his testimony is a recent fabrication or that he has some motive for testifying falsely, evidence that he made consistent statements when the motive did not exist is admissible. *State v. Drew,* 8 Or App 471, 475, 494 P2d 270, Sup Ct *review denied* (1972). *See* McCormick, Evidence 105, § 49 (2d ed E Cleary 1972).

3. In the case at bar defendant's cross-examination of the stepdaughter sought to show that she had a motive

to fabricate her account of the alleged sodomy. Defendant's apparent theory was that the stepdaughter was upset because the defendant had remarried after the death of her mother and as a result the stepdaughter was required to spend more time caring for her eight-year-old half-brother. The trial court correctly admitted the testimony of the two girls who were acquaintances of the stepdaughter inasmuch as their testimony showed that the prior consistent statements about alleged sexual misconduct of defendant were made long before the alleged motive to fabricate her account of the attack.

Colloquy between the court and defense counsel shows that it was the remarriage which triggered what defendant claimed was fabrication by the stepdaughter of the offense.

"THE COURT: Well, didn't your questioning suggest that the marital problems between the defendant and his wife created some resentment on the part of the complainant that might explain the fabrication of her testimony? Wasn't that the impact of that?

"MR. WISWALL: That's correct."

The trial judge carefully instructed the jury that the testimony of the two witnesses regarding the alleged sexual conduct between the defendant and his stepdaughter before the incident alleged in the indictment was not to be considered as proof of the wrongful conduct alleged in the indictment, but only as it had a bearing on the stepdaughter's credibility. The testimony of the two witnesses was relevant and properly introduced for the jury to consider as bearing on the credibility of the stepdaughter's testimony. *See State v. Knoke,* 14 Or App 187, 191-92, 512 P2d 1353 (1973).

Affirmed.