Argued December 21, affirmed March 5, 1979

STATE OF OREGON, *Respondent,*
*v.*
THOMAS NORMAN NEWBERRY, *Appellant.*
(No. 18-071, CA 11202)

591 P2d 404

J. Marvin Kuhn, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Karen H. Green, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Schwab, Chief Judge, and Thornton, Buttler and Gillette, Judges.

BUTTLER, J.

**BUTTLER, J.**

Defendant appeals his conviction by a jury of the crime of rape in the first degree, having been charged with kidnapping, rape and sodomy.

At trial, during cross-examination of the victim and other witnesses, testimony was elicited to the effect that the victim did not report the alleged sodomy to some of the investigating officers who questioned her after the incident. Also, victim could not recall whether she had reported the alleged sodomy to the investigating officers. Subsequently, for the purpose of rehabilitating the testimony of the victim and rebutting the implication of a recent fabrication by her, the prosecution elicited testimony from a different officer and from a nurse at the hospital where the victim was examined, that the victim had reported the alleged sodomy to them within a few hours after the incident. The prosecution also introduced a tape recording of an investigating officer's interview with the victim during which she mentioned the alleged sodomy.

Defendant objected to this testimony, contending that these prior consistent statements were inadmissible hearsay. He did not request, nor did the court give, a jury instruction that such evidence should be considered only on the issue of the victim's credibility. He assigns as error the admission of the testimony and the failure of the court to give a limiting instruction *sua sponte.*

■ The rule in Oregon with respect to the admissibility of prior consistent statements of a witness is clear:

> "The only conclusion which could be drawn from defendants' attack on the credibility of plaintiff's witness was that defendants were contending either that the witness was giving recently contrived testimony or he had a failing memory, or both. In any event, we hold the introduction of the witness's prior consistent statement to be proper. It tended to prove both that his testimony was not recently contrived

and that at a time when his memory was fresh he remembered the occurrence in conformance with his testimony at trial." *Cook v. Safeway Stores, Inc.*, 266 Or 77, 88-89, 511 P2d 375 (1973).

*See also State v. Clark*, 26 Or App 55, 551 P2d 1313, *rev den* (1976).

■ Defendant, however, contends that a different rule should apply to prior consistent statements of a victim in a rape case. His argument is based primarily on *State v. Waites*, 7 Or App 137, 490 P2d 188 (1971), which holds that a person to whom a complaint of sexual misconduct is made by the victim can testify that a complaint was made, but cannot testify as to the details of the complaint. However, that situation is different from the one before us in that the testimony in *Waites* was offered to prove the truth of the facts related to the witness rather than for the purpose of rehabilitating a witness who had been cross-examined about those matters. *Waites* did not, and we do not now, establish a different rule for the admissibility of prior consistent statements in a rape case.

Defendant contends that the prejudicial effect of permitting the state to put in evidence four times the victim's version of what happened outweighs the relevance of the evidence of prior consistent statements. He ignores the fact that he opened up the question, and there is no reason why the state should be prevented from doing what it can to restore the victim's credibility.

■ Defendant did not request a jury instruction that the prior consistent statements were not to be considered as substantive evidence, but could be used solely to determine the credibility of the victim nor did he except to the instructions given, or the failure to give such an instruction. He argues on appeal that the trial court has an affirmative duty to so caution the jury on its own motion. Alleged errors not excepted to below will not be considered on appeal. *State v. Frye*, 2 Or App 192, 465 P2d 736 (1970). Furthermore, even if the

jury did consider the prior consistent statements as substantive evidence, defendant was not prejudiced thereby inasmuch as he was acquitted of the sodomy charge.

Affirmed.