Argued and submitted March 17, affirmed May 5, 1980

STATE OF OREGON,
*Respondent,*

*v.*

WILFRED ELSWORTH BAKER,
*Appellant.*

(No. 55169, CA 16119)

610 P2d 840

David E. Groom, Deputy Public Defender, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Robert C. Cannon, Assistant Attorney General, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Schwab, Chief Judge, and Joseph, Warden and Warren, Judges.

WARREN, J.

## WARREN, J.

Defendant was convicted by a jury of rape in the first degree, ORS 163.375, and kidnapping in the second degree, ORS 163.225. He was sentenced to the Corrections Division for a period not to exceed 20 years for rape and for a period of five years for the kidnapping to be served concurrently. Defendant assigns as error: (1) the admission into evidence of a hearsay statement relating the victim's complaint of the alleged rape; and (2) the sentence imposed.

After visiting a girlfriend, the 17-year-old victim was walking home along a road late at night. The defendant, an acquaintance of the victim, stopped his vehicle and offered her a ride home, which she accepted. Instead of driving her home, defendant, over her protest, drove her to a logging road where he made sexual advances. She testified that she physically resisted until he threatened her with a pistol. Following a further struggle, defendant had sexual intercourse with her. He then drove her home, warning her not to tell anyone what had happened. Defendant, on the other hand, testified that the victim consented to have sexual relations with him.

On the night of the alleged assault, the victim did not tell her parents of the incident. The following day, she attended school and took tests in some of her classes. During the noon hour, for the first time, she told a girlfriend about the rape.

At trial the victim's girlfriend was permitted to testify over defendant's objection that at noon on the day following the incident "she [the victim] told me that a man had took her and raped her * * *." The defendant contends that the statement was inadmissible hearsay and does not fall within the "fresh complaint" or " spontaneous utterance" exception to the hearsay rule because it was made some 12 or 13 hours after the incident.

In *State v. Wilson,* 20 Or App 553, 532 P2d 825 (1975), the court discussed a line of cases holding that in a prosecution for an alleged sexual offense, an exception to the hearsay rule exists which permits a witness to whom the victim had complained of the offense to testify to the fact that such a complaint was made. "This exception is limited to evidence only of the making of the complaint, however, and does not immunize testimony relating to the details of any such declaration. *State v. Yielding,* 238 Or 419, 395 P2d 172 (1964), and *State v. Waites,* 7 Or App 137, 490 P2d 188 (1971)." *State v. Wilson,* 20 Or App at 556, 532 P2d at 826. The purpose of this exception to the hearsay rule is strictly limited to permit corroboration of the victim's testimony that she complained of the offense. *State v. Yielding,* 238 Or 419, 422-23, 395 P2d 172 (1964); *State v. Waites,* 7 Or App 137, 140, 490 P2d 180 (1971).[1]

Defendant recognizes the above rule as so limited, but argues, nevertheless, that the statement should not have been received because it was not made until 12 to 13 hours after the alleged rape. That fact, however, does not make the statement inadmissible. Failure to make complaint as soon as possible after commission of the offense is a circumstance tending to show consent. *State v. Risen,* 192 Or 557, 563, 235 P2d 764 (1951); *State v. Lantz,* 44 Or App 695, 703-04, 607 P2d 197 (1980). Such delay may be excused by sufficient explanation "found in the particular circumstances of the case, including the age of the prosecutrix, her degree of intelligence, and threats by the perpetrator of the wrong." *State v. Risen,* 192 Or at 563. In *Risen,* the Supreme Court concluded that the 19-year-old complaining witness' statement, made approximately one week after the claimed sexual attack on her by her stepfather, was admissible despite the delay. No threats were made against her in that case, but the girl's youth, low degree of intelligence

[1] A separate exception to the hearsay rule would permit the witness to testify to the details of the claimed offense only if the statement qualifies as a spontaneous utterance. *State v. Waites,* 7 Or App at 140.

and the fact that her attacker was her stepfather were considered by the court as sufficient circumstances to cause her not to make an immediate complaint. Here, evidence that defendant was an acquaintance of the 17 year old victim, that the victim had been threatened with a gun and warned to tell no one could be considered by the jury as sufficient circumstances to cause her to delay making her complaint. While evidence of delay could adversely affect the complaining witness' credibility on the issue of consent, it does not render the evidence inadmissible for the purpose of corroborating her contention that an attack had in fact occurred. Because, here, the witness' testimony related only the fact that a complaint had been made and did not relate any of the details of the assault, the evidence was properly received as corroborating testimony even though it would not qualify as a spontaneous utterance.[2]

In his last assignment of error, the defendant contends that the concurrent sentences imposed, together with a five-year minimum sentence, constitute cruel and unusual punishment. The sentences imposed were less than the maximum allowed by statute and were not disproportionate to the underlying facts of this case. *State v. Dinkel,* 34 Or App 375, 389-90, 579 P2d 245 (1978).

Affirmed.

---

[2] It is not a spontaneous utterance because it was not reasonably contemporaneous with the alleged offense. *State v. Waites,* 7 Or App at 140.