Argued and submitted October 20, reversed and
remanded for a new trial December 22, 1980

STATE OF OREGON,
*Respondent,*
*v.*
CHEVIOT WOODROW HACKETT,
*Appellant.*

(No. 79-3572-C-3, CA 17509,
No. 79-3573-C-3, CA 17510,
No. 79-3574-C-3, CA 17511,
No. 79-3575-C-3, CA 17512)
(cases consolidated)

621 P2d 609

David E. Groom, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

James C. Rhodes, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James M. Brown, Attorney General, John R. McCulloch, Jr., Solicitor General, and William F. Gary, Deputy Solicitor General, Salem.

Before Schwab, Chief Judge, and Richardson and Buttler, Judges.

SCHWAB, C. J.

## SCHWAB, C. J.

Defendant was convicted of two counts of first degree rape (ORS 163.375) and two counts of first degree sodomy (ORS 163.405). The victim of the assaults was defendant's fourteen year old daughter. He appeals, contending that the trial court erred by admitting testimony of a school friend of the daughter that the daughter had complained to the friend of being sexually abused by her father. We agree with defendant's contention and we reverse and remand for a new trial.

The state alleged that defendant committed sexual assaults on his daughter on approximately June 15, 1979, and September 2, 1979. In November, 1979, the daughter spoke to her friend about the assaults. Upon the friend's advice, the daughter then reported the incidents to school officials and, subsequently, to a representative of the Children's Services Division and to the police.

At defendant's trial, the state called the daughter's friend as a witness and asked if she recalled any occasion when the daughter "may have talked to you about a problem she was having at home" and "what her comment was or what her concerns were." The defendant objected on grounds of relevance and hearsay. The following then took place:

| | |
|---|---|
| "THE COURT: | * * * The objection is overruled. You can do it just generally, Mr. Smith [prosecuting attorney], the fact that a comment was made. |
| "MR. SMITH: | And the subject matter of the comment? |
| "THE COURT: | That's correct. |
| "MR. SMITH: | That's what I was attempting to do your Honor. |
| "THE COURT: | Just so there is nothing blurted out. |
| "(BY MR. SMITH) | |
| "Q. | Did she complain about any particular person? |
| "A. | Her father. |
| "Q. | And [witness's name], I don't want you to tell me what she told you, but in general, what problem |

> did she relate to you that she was
> having with her father?
"A.             That he was sexually abusing her."

The trial judge's admonition to the prosecuting attorney to restrict the testimony he elicited to "the fact that a comment was made" -- which the prosecuting attorney disregarded -- correctly reflected a rule which has been repeatedly stated in the decisions of the Supreme Court and this court, to-wit, that "a person to whom a complaint of sexual misconduct is made by the prosecuting witness can testify that a complaint was made, but cannot testify as to the details of the complaint." *State v. Waites,* 7 Or App 137, 140, 490 P2d 188 (1971). *See also,* for example, *State v. Whitman,* 72 Or 415, 143 P 1121 (1914); *State v. Yielding,* 238 Or 419, 395 P2d 172 (1964); *State v. Wilson,* 20 Or App 553, 532 P2d 825 (1975).

The reasons for the rule permitting hearsay testimony about the fact of a complaint but disallowing testimony about the details of the complaint have been variously stated. In *Whitman,* the Supreme Court explained that testimony about the making of a complaint is admissible "in order to corroborate the prosecutrix and to rebut any inference that she consented to the outrage." 72 Or at 416. In *State v. Baker,* 46 Or App 79, 610 P2d 840 (1980), we stated that "[t]he purpose of this exception to the hearsay rule is strictly limited to permit corroboration of the victim's testimony that she complained of the offense." 46 Or App at 82. We explained in *Waites:*

> " 'The reason of the rule admitting the fact that complaint was made, and excluding the complaint itself, is founded, aside from its being hearsay * * * upon the danger of allowing a designing female to corroborate her testimony by statements made by herself to third persons, and the difficulty of disproving the principal fact by the accused * * *.' 44 Am Jur 953, 954, Rape § 84." 7 Or App at 140, n. 2.

■     The testimony of the victim's friend in the present case went beyond the fact that a complaint had been made. The prosecuting attorney asked and the witness answered questions relating to the identity of the daughter's assailant. That testimony was essentially identical to the testimony in *State v. Whitman, supra,* where the defendant was

charged with the attempted rape of his minor daughter and the child's mother was permitted by the trial court to testify that the child had told her that the defendant had committed the act. The Supreme Court stated:

> "It will thus be seen that, under the rule which obtains in this state, an error was committed in allowing Mrs. Whitman, over objection and exception, to testify that, when her daughter made complaint of the ill treatment received, she named her father as the person who assaulted her." 72 Or at 418.[1]

Similarly, here, the witness should not have been permitted to testify concerning the daughter's statement to her about the identity of the assailant. *Cf. State v. Waites, supra.*

The state argues that the Supreme Court correctly observed in *Whitman* that, if the purpose of the rule which permits hearsay testimony that a person has complained about a sexual assault is to negate any inference of consent, the application of the rule may make little sense in a case where the victim is a minor and has no capacity to consent. *See* 72 Or at 417-18. The simple answer to the state's argument is that, notwithstanding its observation in *Whitman,* the Supreme Court *held* that the rule *was* applicable in that case, which, like the present one, involved a minor victim. In any event, the state's argument does not assist its position. If the rule *permitting* hearsay testimony about the making of a complaint were not applicable in cases where the complainant is under the age of consent, *none* of the testimony of the daughter's friend in this case would be admissible.

The state also makes an argument and it is not without merit, to the effect that the limitation of testimony to the fact that a complaint was made does not make sense in cases such as this, where the victim is a minor who was assaulted by a family member. The state reasons that, in such cases, "there will generally be no issue as to the identity of the defendant," and, therefore, a witness's statement that the victim identified the defendant says nothing which the jury would not automatically infer from the fact that the victim made a complaint. Again, the simple

---

[1] The court in *State v. Whitman,* 72 Or 415, 143 P 1121 (1914), held that the admission of the mother's testimony regarding the daughter's statements was harmless error, for reasons which are not relevant to the present case.

answer to the state's argument is that the Supreme Court held in *Whitman,* as we later did in *Waites,* that the rule permitting hearsay testimony of the fact but not the details of a complaint *is* applicable in cases where a father is charged with the sexual assault of his daughter.

■ We conclude that the admission of the friend's testimony as to the identity of the assailant was error. We also conclude that the error was prejudicial. The determinative factual issue at trial was whether the daughter was to be believed. Her testimony was contradicted in major particulars by the testimony of other witnesses. There was negative testimony about her reputation for truth and veracity, and there was evidence that she disliked the defendant for reasons unrelated to any sexual demands he might have made of her. In short, the jury could have believed or disbelieved the daughter, the defendant and various other family members who were the principal witnesses. We therefore cannot say that the erroneously admitted testimony of a witness who was not a family member could not have affected the verdict. *See State v. Waites,* 7 Or App at 143-44.

■ The defendant notes in his brief that, after the victim's friend testified, three other witnesses — a school official, a Children's Services Division caseworker and a police officer — also testified that the daughter had told them that the defendant had sexually abused her. Defendant argues, however, that "the rule is well-established that a defendant does not have to object every time if his first objection to the same class of evidence is overruled and it would do no good to object again" (citing *Noteboom v. Savin,* 213 Or 583, 322 P2d 916, 326 P2d 772 (1958)). Be that as it may, the subsequent testimony of the other three witnesses does not render harmless the admission of the daughter's friend's testimony. The friend was the first person to whom the victim made accusatory statements. Her contacts with school, agency and police officials came about as a result of her having made the disclosure to her friend. Accordingly, the jury could have reasoned that the victim's complaint to the friend was more spontaneous and reliable than her subsequent statements to persons who spoke to her in an investigatory capacity.

Reversed and remanded for a new trial.