Argued and submitted August 31, 1981, affirmed February 8, 1982

# STATE OF OREGON,
*Respondent,*

*v.*

# DENNIS LEONARD ROBERTSON,
*Appellant.*

(No. 123,983, CA A20675)

640 P2d 701

Stephen J. Williams, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

William F. Gary, Solicitor General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James C. Rhodes, Assistant Attorney General, Salem.

Before Gillette, Presiding Judge, and Roberts and Young, Judges.

YOUNG, J.

## YOUNG, J.

The jury found defendant guilty of sodomy in the first degree. ORS 163.405. He assigns as errors: (1) admission into evidence of hearsay testimony about a statement by the victim; (2) failure to give a curative instruction after the prosecutor's remarks during argument; and (3) denial of a motion for judgment of acquittal. We affirm.

The sodomy was alleged to have occurred while defendant and the victim were lodged in the county jail. There was evidence that defendant was the "bully" in the cell block and that he dominated the other prisoners. The victim testified that defendant forced him to commit oral sodomy. The victim reported the incident three days after it happened during an interview conducted by a deputy sheriff outside the cell block.

██. The deputy was allowed to testify that the victim had told him that "someone had made him suck a dick." Defendant contends that that statement is not within the hearsay exception providing that a person to whom a complaint of sexual misconduct is made by the prosecuting witness can testify that a complaint was made, but cannot testify as to the details of the complaint.[1] In *State v. Yielding,* 238 Or 419, 422-23, 395 P2d 172 (1964), the court stated that the purpose of the exception is strictly limited to permitting corroboration of the victim's testimony that she complained of the offense. *State v. Waites,* 7 Or App 137, 140, 490 P2d 188 (1971).[2] Stated differently, the purpose of the exception is to allow corroboration of the victim's assertion that there was no consent. *State v. Hackett,* 49 Or App 857, 861, 621 P2d 609 (1980); *State v. Baker,* 46 Or App 79, 610 P2d 840 (1980).

---

[1] The exception to the hearsay rule has become statutory. Or Law 1981, ch 892, § 64 (Rule 803) effective January 1, 1982, provides in part:

"The following are not excluded by section 63 (Rule 802) of this act, even though the declarant is available as a witness:

"* * * * *

"(18a) A complaint of sexual misconduct made by the prosecuting witness after the commission of the alleged offense. Such evidence must be confined to the fact that the complaint was made."

[2] See *State v. Waites, supra,* 7 Or App at 140, n 3, for Oregon Supreme Court cases applying the rule.

The precise question is whether the deputy's testimony is outside the scope of the exception. The rule is described as permitting the state to prove that a complaint was made "but nothing more." *State v. Emery,* 4 Or App 527, 529, n 1, 480 P2d 445 (1971).

There is little guidance to determine what constitutes permissible testimony that a complaint was made as distinguished from impermissible testimony as to the details of the complaint.[3] It is obvious that the act complained of must be sufficiently described to indicate the nature of the act. In applying that standard to the deputy's testimony, we believe that it was within the limited scope of the exception. The language of the statement is crude and may be repulsive to some, but it conveys to the listener that the speaker is registering a *complaint* of sexual misconduct. The vernacular that was used cannot be said to convey any more detail than more palatable language such as "he made me sodomize him" or "he raped me." The trial judge was correct when he ruled the statement admissible.

■. Defendant also argues that the victim did not initiate a *complaint.* The alleged incident came to light three days later as the result of the deputy's questioning. Defendant contends that without a complaint the statement does not come within the exception. We disagree. The victim testified that while he was in the cell block, he was afraid that defendant would "work him over"; that defendant had told the victim that if he went to prison he would not come out alive; that he was afraid defendant would rape him and possibly his wife; and that other prisoners did not like the nature of the charge pending against the victim and so he feared they might "jump him." The victim believed that he could not report the incident without suffering defendant's retaliation. The fact the victim did not report the incident until he was removed from the cell block does not militate against the admissibility of the statement. *See*

---

[3] In *State v. Whitman,* 72 Or 415, 420, 143 P 1121 (1914), the court held that the identity of the alleged assailant cannot be revealed. *See also, State v. Hackett, supra.* In *State v. Waites, supra,* 7 Or App at 141, it was established that "the location of the assaults and * * * prior assaults over a two year period were beyond the scope of the exception * * *."

*State v. Rissen,* 192 Or 557, 563, 235 P2d 764 (1951); *State v. Baker, supra,* 46 Or App at 82.

Affirmed.[4]

---

[4] Defendant's remaining assignments of error do not merit discussion.