Argued and submitted February 13, reversed July 6, 1981

In the Matter of Billie Jo McDermid and
Edith McDermid, Children.

STATE ex rel JUVENILE DEPARTMENT
OF MULTNOMAH COUNTY,
*Respondent,*
*v.*
McDERMID et ux,
*Appellants.*

(No. 67,178, CA 17184)

630 P2d 913

Ivan J. Vesely, Portland, argued the cause and filed the
brief for appellants.

Alfred J. Laue, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, John R. McCulloch, Jr., Solicitor General, and William F. Gary, Deputy Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warden and Warren, Judges.

WARDEN, J.

## WARDEN, J.

This is an appeal from an order in a juvenile court proceeding finding two girls, ages ten and five, to be within the jurisdiction of the juvenile court. The appellant parents contend that there was no competent evidence adduced in the hearing before the trial court to show that the parents knew of alleged sexual molestation of their daughters and that they failed to act to protect the children.

The petition filed in the trial court alleged, in pertinent part, as follows:

"2. The children are within the jurisdiction of the Court by reason of the following facts:

"The behavior, conditions and circumstances of the above-named children are such as to endanger their welfare and the parents have failed to provide them with the care, guidance and supervision necessary for their physical, mental and emotional well-being; to wit:

"A. The above-named children have repeatedly been subjected to inappropriate sexual contact and their parents have failed to protect them from further abuse."

■ It would serve little purpose to make a detailed recitation here of the testimony produced at the hearing. Suffice it to say that examination of the record discloses no competent testimony that the children, or either of them, had, in fact, been subjected to inappropriate sexual contact or that the parents had knowledge of such inappropriate sexual contact. The most that can be said is that from hearsay testimony, admitted for other purposes, it may be inferred that the parents were aware that third parties were claiming that the children had been subjected to inappropriate sexual contact. The children were not called as witnesses. A person whom witnesses testified had said that he observed such inappropriate sexual contact was not called as a witness.

■ The testimony upon which the trial court seemed to have relied primarily was that of a social worker from the Children's Services Division, who gave hearsay testimony of the children's descriptions of sexual contacts by persons named Don and Henry. The court asked each of the parents whether they thought their children told the truth. The parents said they thought their children were truthful, and

the court concluded that there had been such inappropriate sexual contact. That does not constitute competent evidence of the parents' knowledge. ORS 419.500(1), as it applies to the petition in this matter, provides:

"The facts alleged in the petition showing the child to be within the jurisdiction of the court * * * unless admitted, must be established by a preponderance of competent evidence."

Reversed.