Argued and submitted September 14, 1983, affirmed January 18, 1984

In the Matter of K. M. P., a Minor Child.

## STATE ex rel CHILDREN'S SERVICES DIVISION,
*Appellant,*

*v.*

## PAGE,
*Respondent.*

(82-081; CA A26301)

674 P2d 1196

Margaret E. Rabin, Assistant Attorney General, Salem, argued the cause for appellant. With her on the brief were Dave Frohnmayer, Attorney General, Stanton F. Long, Deputy Attorney General, and William F. Gary, Solicitor General, Salem.

A. J. Morris, Eugene, argued the cause for respondent. On the brief were Michael F. Fox and Hoffman, Morris, Giustina & Fox, Eugene.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

The state appeals an order of the juvenile court dismissing a petition alleging that respondent's eight year old daughter is within the jurisdiction of the juvenile court in that respondent had subjected her to sexual contact. The trial court ruled that the facts alleged in the petition were not proven by a preponderance of competent evidence. We affirm.

A Children's Services Division (CSD) caseworker interviewed the daughter after receiving a clinical psychologist's report that she had claimed that respondent had subjected her to sexual contact. Daughter repeated her claim to the caseworker, who then filed a petition in the juvenile court.

A factfinding hearing was held on the petition. The daughter testified that she did not remember telling the psychologist or the caseworker about sexual contact with respondent. She testified further, in effect, that no such contact had occurred.[1] The psychologist and the caseworker testified to the fact that a complaint of sexual misconduct had been made by the daughter and then, over respondent's timely hearsay objection, narrated in detail the substance of that complaint.

The mother testified that the daughter had not complained to her about sexual misconduct by respondent. Respondent testified that he had not sexually abused his daughter and that there was no truth to the allegations in the psychologist's report to CSD.

Following the hearing, the juvenile court ruled that the testimony which went beyond the fact that a complaint of sexual misconduct had been made was inadmissible hearsay. The court concluded that the remaining evidence was not sufficient to support the petition and dismissed it. This appeal followed.

The sole issue raised is whether the juvenile court erred in ruling that the testimony of the psychologist and

---

[1] Exhaustive attempts were made to elicit from the witness testimony incriminating respondent. First she was questioned by two attorneys with her parents present in the court room. Then she was questioned by the attorneys with her parents out of the room. Finally she was questioned by the judge, in chambers, with only a court reporter present.

caseworker relating the daughter's description of sexual misconduct was inadmissible hearsay. Appellant argues that the testimony falls within the residual exception to the hearsay rule provided by OEC 804(1)(c) and 804(3)(f).[2]

■       The juvenile court has exclusive jurisdiction over a person under 18 years of age when circumstances endanger the person's welfare. ORS 419.476(1)(c). A finding that the juvenile court has jurisdiction is a *fact* finding, *Chandler v. State,* 230 Or 452, 455, 370 P2d 626, 628 (1962), and the jurisdictional facts must be proven by a "preponderance of competent evidence." *State ex rel Juv. Dept. v. McDermid,* 53 Or App 54, 630 P2d 913 (1981); ORS 419.500(1). Evidence is "competent" when it is relevant, material and admissible, and the juvenile court's rulings thereon are governed by the Oregon Evidence Code.[3] We review orders of the juvenile court *de novo.* ORS 419.561(4); 19.010(4); 19.125(3).

---

[2] OEC 804 provides, in part:

"Hearsay exceptions where declarant is unavailable.

"(1) Definition of unavailability. 'Unavailability as a witness' includes situations in which the declarant:

"\* \* \* \* \*

"(c)  Testifies to a lack of memory of the subject matter of a statement;

"\* \* \* \* \*

"(3) Hearsay exceptions. The following are not excluded by section 63 (Rule 802) of this Act if the declarant is unavailable as a witness:

"\* \* \* \* \*

"(f)  Other exceptions. A statement not specifically covered by any of the foregoing exceptions but having equivalent circumstantial guarantees of trustworthiness, if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purpose of the Oregon Evidence Code and the interests of justice will best be served by admission of the statement into evidence. However, a statement may not be admitted under this paragraph unless the proponent of it makes known to the adverse party the intention to offer the statement and the particulars of it, including the name and address of the declarant, sufficiently in advance of the trial or hearing, or as soon as practicable after it becomes apparent that the statement is probative of the issues at hand, to provide the adverse party with a fair opportunity to prepare to meet it."

[3] Juvenile court adjudicative fact finding hearings are distinguished from dispositional hearings. ORS 419.500(2). The Oregon Evidence Code does not apply to the latter. OEC 101(4)(h).

■ The state's reliance on OEC 804(3)(f) is misplaced. The commentary to OEC 804(3)(f)[4] states that the residual exception is to be used very rarely, when application of the hearsay rule would result in injustice. More to the point, the commentary further states that the exception is available only if "the evidence is not admissible under any other exception * * *." We agree that

"* * * where there is a specific hearsay exception applicable to a clearly defined category of evidence * * *, but the evidence fails to satisfy the requirements of the specific exception, the evidence should not be admitted under the residual exception." *Creamer v. General Teamster's Local Union 326,* 560 F Supp 495, 498 (D Del 1983) (construing equivalent federal rule).

There is a specific hearsay exception for evidence that a complaint of sexual misconduct has been made. OEC 803(18)(a) allows the admission of hearsay evidence that a complaint of sexual misconduct has been made by the prosecuting witness, whether the declarant is available as a witness or not. However, the rule also provides that "[s]uch evidence must be confined to the fact that the complaint was made."[5] This exception to the hearsay rule codifies a long line of Oregon cases to the same effect, *see, e.g., State v. Waites,* 7

---

[4] Or, more accurately, the commentary to OEC 803(24), which is made applicable to OEC 804(3)(f), because the language and purpose of those sections is the same. 61st Legislative Assembly, Oregon Evidence Code, Rule 804(3)(f), Commentary.

[5] As stated by this court in *State v. Hackett,* 49 Or App 857, 621 P2d 609 (1980):

"* * * * *

"The reasons for the rule permitting hearsay testimony about the fact of a complaint but disallowing testimony about the details in the complaint have been variously stated. In *[State v.] Whitman,* [72 Or 415, 143 P 1121 (1914)], the Supreme Court explained that testimony about the making of a complaint is admissible 'in order to corroborate the prosecutrix and to rebut any inference that she consented to the outrage.' 72 Or at 416. In *State v. Baker,* 46 Or App 79, 610 P2d 840 (1980), we stated that '[t]he purpose of this exception to the hearsay rule is strictly limited to permit corroboration of the victim's testimony that she complained of the offense.' 46 Or App at 82. We explained in *[State v.] Waites, [supra]:*

" ' "The reason of the rule admitting the fact that complaint was made, and excluding the complaint itself, is founded, aside from its being hearsay * * * upon the danger of allowing a [complainant] to corroborate her testimony by statements made by herself to third persons, and the difficulty of disproving the principle fact by the accused * * *." 44 Am Jur 953, 954, Rape § 84. 7 Or App at 140, n 2.'

"* * * * *" 49 Or App at 860.

Or App 137, 490 P2d 188 (1971), and the official commentary explicitly states that the legislature intended to retain in full Oregon case law relating to the exception.[6] We therefore conclude that evidence specifically excluded by OEC 803(18)(a) is not admissible under OEC 804(3)(f).

■ We agree with the trial court that, absent the excluded evidence, the facts alleged in the petition were not proven by a preponderance of competent evidence. The petition was properly dismissed.

Affirmed.

---

[6] OEC 803(18a) has no counterpart in the federal rules of evidence and, according to the commentary, is intended "to retain in full" the Oregon rule

"* * * that a person to whom a complaint of sexual misconduct is made by the prosecuting witness can testify that a complaint was made, but cannot testify as to the details of the complaint." (Citations omitted.)