Argued and submitted November 18, 1983, reversed in part
and remanded February 8, reconsideration denied March 30,
petition for review denied May 15, 1984 (297 Or 124)

# STAR RENTALS, INC.,
*Appellant,*
*v.*
# SEEBERG CONSTRUCTION COMPANY,
## INC. et al,
*Respondents.*

## (82-739-NJ-2; CA A28007)

677 P2d 708

Carlyle F. Stout, III, Medford, argued the cause and filed the brief for appellant.

Dennis P. Brookshire, Portland, argued the cause for respondents. On the brief were Carlton D. Warren and Stephen F. Mannenbach, Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

**BUTTLER, P. J.**

Plaintiff brought this action to foreclose a construction lien for rental equipment supplied to defendant Westshore Framing Company (Westshore). The trial court granted a motion for summary judgment in favor of all defendants, except Westshore, and plaintiff appeals from the resulting judgment.[1] We reverse.

Defendants Correll, Barton, Bergstrom and Petix were partners doing business under the assumed name of The Stratford Inn. Defendant Seeberg Construction Company was the general contractor employed to construct the Stratford Inn on real property owned by Correll and Barton in Ashland. Defendant Westshore, as Seeberg's subcontractor, executed a written agreement with plaintiff whereby plaintiff agreed to rent Westshore a forklift and grease gun. Plaintiff supplied that equipment to Westshore from March 4, 1981, to June 5, 1981.

Although the parties disagree as to the date on which construction of the project was substantially complete, it is undisputed that a notice of completion was posted and filed on September 15, 1981, by Heritage Bank, the mortgagee. On August 25, 1981, plaintiff filed a lien for the reasonable rental value of the equipment furnished to Westshore. Pursuant to ORS 87.039[2] and ORS 87.057,[3] plaintiff delivered notices to

---

[1] Plaintiff concedes that it has no opposition to the court's order allowing summary judgment in favor of defendants Heritage Bank and Canadian Imperial Bank of Commerce on the ground that those defendants are involved only to the extent that they show an interest in the property and that the property has been bonded pursuant to ORS 87.083(1). Plaintiff also has no objection to the order allowing summary judgment in favor of defendants Bergstrom and Petix, because neither of those individuals is alleged to be an owner of the property upon which the lien was filed.

[2] ORS 87.039 provides:

"(1) A person filing a claim for a lien as provided by ORS 87.035 shall deliver to the owner a notice in writing that the claim has been filed. The notice shall be delivered not later than 20 days after the date of filing. Notice delivered to the owner who received the delivery notice as provided by ORS 87.021 shall be deemed in compliance with the requirement of this subsection, unless the person giving notice has actual knowledge of changed ownership.

"(2) No costs, disbursements or attorney fees otherwise allowable as provided by ORS 87.060 shall be allowed to any party failing to comply with subsection (1) of this section."

[3] ORS 87.057(1) provides:

"A person intending to commence suit to foreclose a lien shall deliver to the owner of the property upon which the lien is claimed and to the mortgagee a notice

defendant Correll and The Stratford Inn, stating that a lien had been filed and that, if the amount owing were not paid within ten days, plaintiff would commence suit to foreclose its lien. Payment was not made, and this action followed.

In its first assignment of error, plaintiff challenges the court's ruling that defendants were entitled to summary judgment because plaintiff failed to give the notice required by former ORS 87.021. The version of ORS 87.021, in effect at the time in question, provided in pertinent part:

"(1)  Except where materials or supplies are delivered at the request of the owner, a person furnishing *materials or supplies* for the construction of an improvement and for which a lien may be claimed under ORS 87.010 shall give a delivery notice to the owner of the site. * * *

"* * * * *

"(3)  A lien for *material or supplies* furnished shall not be enforced unless the notice required by subsection (1) of this section is given.

"(4)  A person who performs labor upon an improvement and in addition furnishes material used in the construction of that improvement need not give the notice required by subsection (1) of this section in order to acquire a lien under ORS 87.010." (Emphasis supplied.)

Plaintiff contends that it was not required to provide notice, because it furnished rental equipment, not "materials or supplies." Defendants contend that rental equipment is included within the definition of "materials and supplies." There is no statutory definition. Although defendants cite several bonding cases in support of the proposition that the word "materials" encompasses all things necessary in the prosecution of work, *see, e.g., Fitzgerald v. Neal et al,* 113 Or 103, 116-17, 231 P 645 (1924); *Clatsop County v. Fidelity Etc. Co.,* 96 Or 2, 8, 189 P 207 (1920), those cases, at most, demonstrate that the word is subject to varying judicial interpretation.

■      In construing any statute, our duty is to discern as best we can the intent of the legislature. *Whipple v. Howser,*

---

in writing not later than 10 days prior to commencement of the suit, stating that such person, or others, intends to commence suit to foreclose the lien. Notice delivered to the mortgagee who received the notice required by ORS 87.025 shall be deemed in compliance with this subsection, unless the person giving notice has actual knowledge of a change of mortgagee."

291 Or 475, 479, 632 P2d 782 (1981). That task is not always an easy one. The strongest clue we have here is that, prior to 1975, former ORS 87.010(1)[4] did not permit one who supplied rental equipment for use in construction to claim a lien on the improvement, unless he used it in performing labor on the job. *See Wilson v. Clark,* 255 Or 116, 464 P2d 683 (1970). In that year, the construction lien laws were amended (Or Laws 1975, ch 466) and, as a part of the general overhaul, ORS 87.010(1)[5] was amended expressly to permit one who supplies rental equipment to claim a lien, without regard to whether the claimant also used the equipment. In addition, the legislature repealed ORS 87.020 and enacted ORS 87.021 in its place. In doing so, it retained the words "materials or supplies" to describe the category of lienable items for which delivery notice is required. Because those words did not encompass rental equipment within the meaning of the pre-1975 version of ORS 87.010, we cannot say that the legislature intended to include rental equipment as coming within the same words as used in ORS 87.021. The legislative history of that statute reveals that the major policy decision faced by the House Judiciary Committee was whether those who provide material and, in addition, provide labor should be required to give notice. (HB 2336, Minutes of the House Judiciary Committee, April 7, 1975.) There was no discussion about the inclusion or exclusion of those who provide rental equipment.

■    That the legislature considered rental equipment to be distinct from materials is evidenced by its amendment of ORS 87.035(1) in 1975 to provide:

---

[4] Prior to 1975, former ORS 87.010(1) provided:

"Any mechanic, artisan, machinist, builder, contractor, lumber merchant, laborer, teamster, drayman or other person performing labor upon, transporting or furnishing any material to be used in the construction of any improvement or trustees of an employe benefit plan shall have a lien upon the improvement for the labor, transportation or material furnished at the instance of the owner of the improvement or his agent."

[5] ORS 87.010(1), as amended in 1975, provided:

"Any person performing labor upon, transporting or furnishing any material to be used in, or renting equipment used in the construction of any improvement shall have a lien upon the improvement for the labor, transportation or material furnished or equipment rented at the instance of the owner of the improvement or his construction agent."

"[E]very person claiming a lien under ORS 87.010(1) or (2) shall file the claim not later than 90 days after he has ceased to *provide labor, rent equipment,* or *furnish materials* * * *." (Emphasis supplied.)

Although the legislature in 1981 amended ORS 87.021 (Or Laws 1981, ch 757, § 3) to require all categories of lien claimants under ORS 87.010,[6] except laborers working on commercial improvements to give notice of delivery, which suggests that the failure to include rental equipment in the 1975 version might have been an oversight,[7] plaintiff was entitled to rely on the statutory language of former ORS 87.021, which was insufficient to inform those who provide rental equipment that a delivery notice was required.

Defendants contend that, even if plaintiff were not required to give notice of delivery under former ORS 87.021, the court properly granted defendants' motion for summary judgment, because plaintiff's lien was not timely filed. ORS 87.035 provides that a lien must be filed not later than 90 days after a claimant has ceased to provide labor, rental equipment or materials, or 60 days after completion of construction, whichever is earlier. ORS 87.045 provides, in pertinent part:

"(1)  The completion of construction of an improvement shall occur when:
"(a)  The improvement is substantially complete, or

---

[6] ORS 87.021, as amended in 1981, provided:

"(1)  Except when material or labor described in ORS 87.010(1) to (3), (5) and (6) is furnished at the request of the owner, *a person furnishing any materials or labor described in ORS 87.010(1) to (3), (5) and (6)* for which a lien may be claimed under ORS 87.010 shall give a notice of the right to lien to the owner of the site. * * *

"* * * * *

"(3) A lien claimed under ORS 87.010(1) to (3), (5) or (6) shall not be enforced unless the notice required by subsection (1) of this section is given.

"(4) A person who performs labor upon a commercial improvement or provides labor and material for a commercial improvement need not give the notice required by subsection (1) of this section in order to acquire a lien under ORS 87.010. * * *" (Emphasis supplied.)

[7] Given that ORS 87.021 was amended further in 1983 (Or Laws 1983, ch 757, § 1) to expressly exclude from the notice requirement those who rent equipment used in the construction of a commercial improvement, it is difficult to conclude that there was an oversight.

"(b) A completion notice is filed and recorded as provided by subsections (2) and (3) * * *."

"(2) When all original contractors employed on the construction of an improvement have substantially performed their contracts, the owner or mortgagee or an agent of either shall post and record a completion notice in writing stating in substance the following:

---

"Notice hereby is given that the building or structure on the following described premises, (insert the legal description of the property including the street address, if known) has been completed.

"All persons claiming a lien upon the same under the Construction Lien Law hereby are notified to file a claim of lien as required by ORS 87.035.

"Dated _____ , 19 __

_____

Owner or Mortgagee
P.O. Address: _ _ _ _ "

---

Here, plaintiff filed its lien within 90 days after it ceased providing rental equipment and before a notice of completion had been filed. Defendants contend, however, that the improvement was substantially completed on June 15 and that, because plaintiff's lien was not filed within 60 days after that date, it was not timely. They would have us interpret ORS 87.045 as providing that completion occurs when an improvement is substantially complete, or when a statutory completion notice is filed, *whichever is earlier*. If the legislature had added that language, the statute would at least be clear. However, it did not, and the statute as amended in 1975 is no more clear than its predecessor, the provisions of which have been described as "masterpieces of obfuscation." *Cons. Elec. v. Jepson Elec.*, 272 Or 384, 537 P2d 83 (1975).

■ Under the former statute, the notice of completion was characterized clearly as an alternative method for determining the completion date of an improvement. Although the present ORS 87.045(1) on its face treats the posting and recording of a completion notice as an alternative to a factual determination that the improvement is substantially com-

pleted, subsection (2) provides that the owner or mortgagee "shall" post and record a completion notice. If the posting and recording of the notice is mandatory, then that procedure does not appear to be an alternative for determining the date of completion.[8]

Our function is to try to ascertain what the legislature intended. Given the clear statement in subsection (1) that the completion notice *is* an alternative to having to rely on the date of "substantial completion," an indefinite and frequently controverted date, we believe the legislature intended[9] the posting and recording of the notice to be an option available to the owner or mortgagee to establish a firm date from which the timeliness of lien claims may be determined. The owner and mortgagee may do nothing and rely on establishing a date of substantial completion, or they may post and record the notice after the original contractors have substantially performed their contracts. If the notice is properly posted and recorded at a time authorized by the statute, the date on which the improvement was substantially completed becomes irrelevant.

■ ■ Accordingly, we conclude that, if the owner or mortgagee elects to post and record a notice of completion, the date of the notice is determinative of the completion date within the meaning of ORS 87.035. Therefore, plaintiff's lien was timely. It was error to grant defendant's motion for summary judgment.

Reversed as to defendants Correll, Barton and Seeberg Construction Company, Inc., and remanded.

---

[8] Contrary to defendants' contention, our interpretation of ORS 87.045 will not allow for indefinite extensions of time when a notice of completion is filed more than 60 days after substantial completion, because, under ORS 87.035, a lien claimant must file the claim "not later than 90 days after he has ceased to provide labor, rent equipment or furnish materials or 60 days after completion of construction, *whichever is earlier*."

[9] The legislative history on this point is conflicting. Testimony presented to the House Judiciary Committee regarding HB 2336 by Donald Husband, Chairman, Advisory Committee on Lien Law Revision, and Joseph Barkowski, Deputy Legislative Counsel, indicates that, under subsection (2) of amended ORS 87.045, an owner or mortgagee is "required" to post a completion notice when all original contractors employed on the construction have substantially performed their contracts. *See* HB 2336, separate exhibit file. Elsewhere, however, Barkowski, who was also Executive Secretary to the Advisory Committee on Lien Law Revision, stated that ORS 87.045(2) indicates when completion notice "may" be posted. *See* House Judiciary Committee Minutes, February 20, 1975, p 3; Tape 5, side 1, 1099 to end.