Argued and submitted May 17, 1985, at Pendleton, Oregon, reversed April 9, 1986

BROWN et al,
*Respondents,*

*v.*

RUHL, dba Eagle Cap Construction,
*Defendant,*
McKENZIE,
*Appellant.*

(28777; CA A33407)

717 P2d 162

George W. Kelly, Eugene, argued the cause for appellant. With him on the briefs was Carey & Joseph, La Grande.

Phillip A. Mendiguren, La Grande, argued the cause and filed the brief for respondent.

Before Richardson, Presiding Judge, and Warren and Young, Judges.

RICHARDSON, P. J.

**RICHARDSON, P. J.**

Defendant McKenzie appeals from a decree foreclosing plaintiffs' construction lien. We reverse.

Plaintiffs operate a rental equipment company. In April and May, 1983, they rented equipment to defendant Ruhl, who had contracted with McKenzie to paint McKenzie's barn. Ruhl did not pay plaintiffs. On July 7, 1983, they filed a lien on McKenzie's barn under ORS 87.010 and subsequently brought this action to foreclose the lien. McKenzie appeals the decree of foreclosure. Ruhl did not appeal the default judgment entered against him.

McKenzie argues that plaintiffs were required under ORS 87.021(1) to provide him with the notice of their right to claim a lien and that, because they failed to do so, their lien is unenforceable under ORS 87.021(3). Plaintiffs respond that, under ORS 87.021(4), they were excused from the statutory notice requirement, because they provided rental equipment for a commercial improvement. They concede that they did not perform labor or provide labor and materials, as ORS 87.021(4) required at the time, but they argue that the legislature intended that persons who provide rental equipment for the construction of commercial improvements also be excluded from the notice requirement.

The construction lien statutes in effect at the time in question provided, as pertinent:[1]

ORS 87.010(1):

> "Any person performing labor upon, transporting or furnishing any material to be used in, or renting equipment used in the construction of any improvement shall have a lien upon

---

[1] ORS 87.005(4) and (5) provide the relevant statutory definitions:

"(4) 'Contractor' means a person who contracts on predetermined terms to be responsible for the performance of all or part of a job of preparation or construction in accordance with established specifications or plans, retaining control of means, method and manner of accomplishing the desired result, and who provides:

"(a) Labor at the site; or

"(b) Materials, supplies and labor at the site.

"(5) 'Improvement' includes any building, wharf, bridge, ditch, flume, reservoir, well, tunnel, fence, street, sidewalk, machinery, aqueduct and all other structures and superstructures, whenever it can be made applicable thereto."

the improvement for the labor, transportation or material furnished or equipment rented at the instance of the owner of the improvement or his construction agent."

ORS 87.021:

"(1) Except when material or labor described in ORS 87.010(1) to (3), (5) and (6) is furnished at the request of the owner, a person furnishing any materials or labor described in ORS 87.010(1) to (3), (5) and (6) for which a lien may be claimed under ORS 87.010 shall give a notice of the right to lien to the owner of the site. The notice of the right to lien may be given at any time during the progress of the improvement, but the notice only protects the right to claim a lien on those materials and that labor provided after a date which is 10 days before the notice is delivered or mailed. * * *

"(2) The notice required by subsection (1) of this section shall be substantially in the form set forth in ORS 87.023.

"(3) A lien claimed under ORS 87.010(1) to (3), (5) or (6) shall not be enforced unless the notice required by subsection (1) of this section is given.

"(4) A person who performs labor upon a commercial improvement or provides labor and material for a commercial improvement need not give the notice required by subsection (1) of this section in order to acquire a lien under ORS 87.010. As used in this subsection:

"(a) 'Commercial improvement' means any structure or building not used or intended to be used as a residential building, or other improvements to a site on which such a structure or building is to be located.

"(b) 'Residential building' means a building or structure that is or will be occupied by the owner as the owner's primary residence and that contains not more than four units capable of being used as residences or homes by persons maintaining households therein."

Assuming that McKenzie's barn was a "commercial improvement" under ORS 87.021(4)(a),[2] we nevertheless hold that plaintiffs were required to provide notice of their right to claim a lien. Our primary duty in construing a statute is to

---

[2] Neither party raises an issue as to whether providing rental equipment for painting a building constitutes use "in the construction of any improvement" entitling the person to a lien under ORS 87.010(1). ORS 87.005(2) states:

" 'Construction' includes creation or making of an improvement, and alternation, partial construction and repairs done in and upon an improvement."

discern the legislature's intent. ORS 174.020;[3] *Whipple v. Howser,* 291 Or 475, 479, 632 P2d 782 (1981). The strongest evidence of the legislature's intent is the language of the statute. *Whipple v. Howser, supra.* The wording of the pertinent parts of the lien statute is ambiguous, and the provisions are somewhat inconsistent. As noted, ORS 87.021(1) requires a notice of the right to lien by a person furnishing any "materials or labor described in ORS 87.010(1) to (3), (5) and (6) for which a lien may be claimed under ORS 87.010." The threshold question is whether the terms "materials and labor described in ORS 87.010(1) to (3), (5) and (6)" include rental equipment thereby requiring a notice before a lien can be enforced. Plaintiffs argue that the terms do not include rental equipment and that a notice is required only if a person provides materials and labor. In the alternative, they argue that if "materials and labor" includes rental equipment, then they are exempted from giving a notice by ORS 87.021(4).

It is a basic principle of statutory construction that every word of a statute is to be given meaning, if possible. *Tracy v. Employment Division,* 29 Or App 851, 565 P2d 403 (1977). If the terms "material or labor described in ORS 87.010(1) to (3), (5) and (6)" are construed not to include rental equipment, the reference to "material or labor described in ORS 87.010(2) and (3)" becomes meaningless, because subsection (2) principally concerns rental equipment and subsection (3) only concerns rental equipment. Thus, we conclude that, because rental equipment is described in ORS 87.010(2) and (3), it is included within the type of lien requiring a notice.

In an earlier opinion, *Star Rentals v. Seeberg Constr.,* 66 Or App 822, 825-27, 677 P2d 708, *rev den* 297 Or 124 (1984), it was concluded that the terms "material or supplies" as used in former ORS 87.021 do not include rental equipment. However, as we recognized in that case, ORS 87.021(1) had been amended since the filing of the lien to apply to "a person furnishing any materials or labor *described in ORS 87.010(1) to (3), (5) and (6)."* We concluded that that amendment

---

[3] ORS 174.020 provides:

"In the construction of a statute the intention of the legislature is to be pursued if possible * * *."

required "all categories of lien claimants under ORS 87.010, except laborers working on commercial improvements to give notice of delivery." *Star Rentals v. Seeberg Constr., supra,* 66 Or App at 827. (Footnote omitted.)

Construing the provisions of ORS 87.021(1) as not requiring notice for rental equipment would be inconsistent with the language and intent of ORS 87.021(3):

"A lien claimed under ORS 87.010(1) to (3), (5) or (6) shall not be enforced unless the notice required by subsection (1) of this section is given."

The words of subsection (3) clearly contemplate that notice be given to an owner before enforcing *any* lien authorized by ORS 87.010, including liens authorized by ORS 87.010(2) and (3) relating specifically to rental equipment. Our conclusion that ORS 87.021 does require notice of the right to claim a lien based on the furnishing of rental equipment is also supported by subsequent legislative action. Although certainly not binding, amendments to a statute may be resorted to for discerning legislative intent regarding the statute which is amended. *1000 Friends of Oregon v. Wasco County Court,* 299 Or 344, 703 P2d 207 (1985).

In 1983, the legislature amended ORS 87.021(4), which provides exceptions to the notice requirements of subsection (1). Subsection (1) previously provided an exception from the notice requirement for "a person who performs labor upon a commercial improvement or provides labor and material for a commercial improvement." The 1983 legislature added an exception for a person "who rents equipment used in the construction of a commercial improvement." If notice was not required under ORS 87.021(1), it would have been unnecessary for the legislature to add a special exception from the notice requirement for rental equipment.

It is our conclusion that plaintiffs were required to provide notice of their right to claim a lien under ORS 87.021(1). Further, they were not relieved of that duty under the exceptions to notice allowed under former ORS 87.021(4). At the time in question in this case, subsection (4) allowed an exception to the notice requirement only for persons who had performed labor or provided labor and material on a commercial improvement. The statute did not include an exception

for material or labor "described in ORS 87.010(1) to (3), (5) and (6)" nor did it specifically except persons who had provided rental equipment.[4] Therefore, plaintiffs' lien is unenforceable. ORS 87.021(3).

Given the basis of our decision, we need not address McKenzie's other arguments.

Reversed.

---

[4] Indeed, in 1983, the legislature so amended the statute. 1983 Or Laws, ch 757, § 1. ORS 87.021(4) now provides:

"A person who performs labor upon a commercial improvement or provides labor and material for a commercial improvement *or who rents equipment used in the construction of a commercial improvement* need not give the notice required by subsection (1) of this section in order to acquire a lien under ORS 87.010. * * *" (Emphasis supplied.)