Argued and submitted February 28, affirmed December 17, 1986

## STAR RENTALS, INC.,
*Appellant,*

*v.*

## SEEBERG CONSTRUCTION COMPANY, INC. et al,
*Respondents.*

(82-739-NJ-2; CA A35067)

730 P2d 573

Carlyle F. Stout III, Medford, argued the cause and filed the brief for appellant.

Dennis P. Brookshire, Portland, argued the cause for respondents. With him on the brief was Carlton D. Warren, Portland.

Before Richardson, Presiding Judge, and Warden and Van Hoomissen, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Plaintiff appeals a judgment in a construction lien foreclosure action, contending that the court erred in finding that the lien was not timely filed under *former* ORS 87.035[1] and in rejecting certain evidence. Plaintiff also contests the amount of attorney fees awarded to defendants. We affirm.

This is the second appeal of this case. In the first appeal, *Star Rentals v. Seeberg Constr.*, 66 Or App 822, 677 P2d 708, *rev den* 297 Or 124 (1984), we reversed a summary judgment for defendants. The trial court had ruled that defendants were entitled to summary judgment, because plaintiff had not given the notice of delivery required by *former* ORS 87.021. We held that the delivery notice required by that statute did not apply to rental equipment and that the court erred in ruling that the notice was required.

In the first appeal defendants contended, in the alternative, that if plaintiff was not required to give a notice under *former* ORS 87.021, summary judgment was nevertheless proper, because plaintiff had not timely filed the lien under ORS 87.045. They argued that the construction was substantially completed by June 15, 1981, and, because plaintiff's lien was not filed within 60 days of that date, it was too late.

In response to that alternative contention, we construed ORS 87.035 and 87.045 and held "that, if the owner or mortgagee elects to post and record a notice of completion, the date of the notice is determinative of the completion date within the meaning of ORS 87.035." 66 Or App at 829. In essence, then, if plaintiff had filed the lien within 60 days of the date of the completion notice, it would have been timely under *former* ORS 87.045.[2] In order for the completion notice to have been the triggering event, it had to have been posted on the job site and then filed with the county clerk. In our recitation of the facts, we said:

> "Although the parties disagree as to the date on which construction of the project was substantially complete, it is undisputed that a notice of completion was *posted and filed*

---

[1] ORS 87.035 was amended by Or Laws 1985, ch 596, § 1.

[2] ORS 87.045 was amended by Or Laws 1985, ch 596, § 2.

on September 15, 1981, by Heritage Bank, the mortgagee." 66
Or App at 824. (Emphasis supplied.)

Based on that factual assessment, we concluded:

"Therefore, plaintiff's lien was timely. It was error to grant
defendant's [sic] motion for summary judgment." 66 Or App
at 829.

On remand, the trial court found that there was no
proof that the completion notice filed by the mortgagee had
been posted as required by *former* ORS 87.045(3). It also
concluded that construction was substantially completed
more than 60 days before the lien notice was filed, and
consequently that the lien was not timely. *Former* ORS
87.035.

In this appeal, plaintiff contends that our statement
in the first appeal that "plaintiff's lien was timely" is the law
of the case and that the trial court erred in considering that
issue or finding the lien untimely. Defendants respond:

"The issue of when construction was completed was not
before the Court of Appeals on the first appeal. The issue
before the Court of Appeals was whether a question of
material fact existed as to whether notice was required to be
given under ORS 87.021 and when completion of construction
occurred. The scope of review is limited to such a determina-
tion. Once the Court of Appeals found that a question of fact
existed, its inquiry was at an end. The Court of Appeals'
opinion concerning the notice of completion was dicta and the
trial court was not obligated to follow that part of the opinion.
Consequently, the trial court's determination that completion
occurred on June 15, 1981, was correct in light of the evi-
dence."

Defendants are only partially correct. It is true that
the first appeal involved a summary judgment granted on the
basis that plaintiff was required to file and had failed to file a
notice of delivery under *former* ORS 87.021. We held that, as a
matter of law, plaintiff was not required to file such a notice.
That would have been sufficient to reverse the summary
judgment. However, defendants raised the additional issue of
an alternative basis to uphold the summary judgment. We
were required to address that issue, which was phrased by
defendants in these terms: *former* ORS 87.035 required that,
to be valid, a lien must be filed within 60 days of substantial

completion of the construction; the affidavits filed with the motion showed substantial completion of construction to be more than 60 days before plaintiff's lien was filed; therefore, the lien was not timely, and the judgment was correct. We addressed the issue of when the time for filing a lien began to run under ORS 87.045, because defendants raised the issue. Defendants are, however, correct in arguing that we, in the process of deciding when the time period begins, unnecessarily decided a fact issue: that a notice of completion had been *posted* and filed and therefore that the lien was timely. The facts regarding the notice of completion were not included in the motion for summary judgment, and the status of the completion notice was not an issue until our decision in the first appeal. Any ruling beyond reversing the summary judgment on either grounds was *dictum.*

■　　　Our supposed finding that the lien was timely was not the law of the case or otherwise binding on the trial court. On remand, plaintiff was required to establish that a notice of completion was posted and filed in order to use the notice as the commencement of the period for filing the lien. Plaintiff was not prejudiced or misled by the *dictum* in our first opinion; it undertook on remand to prove that the notice had been posted and filed. The trial court found that it had failed in that undertaking.

■　　　Plaintiff argues in the alternative that, if proof of posting of the notice of completion was required, the court erred in rejecting evidence of posting. To meet its burden of proof, plaintiff offered a copy of the completion notice showing the execution date and filing date. On the reverse side of the notice was a statement, subscribed and sworn before a notary, that Glen S. Lemar had posted the notice of completion at the construction project. Defendants objected to that portion of the notice as hearsay, and the court sustained the objection. Plaintiff argues that the affidavit is admissible as an exception to the rule against hearsay embodied in OEC 803(15) and OEC 803(24) to establish that the notice was in fact posted on the property.

OEC 803 provides:

"The following are not excluded by ORS 40.455, even though the declarant is available as a witness:

"* * * * *

"(15)   A statement contained in a document purporting to establish or affect an interest in property if the matter stated was relevant to the purpose of the document, unless dealings with the property since the document was made have been inconsistent with the truth of the statement or the purport of the document."

In order for that exception to apply, the document must establish or affect an interest in property. FRE 803(15), the federal counterpart of OEC 803(15), has been interpreted as being "limited to title documents such as deeds." McCormick, *Evidence* 905 (3d ed 1984). Not only is the affidavit not a deed, but it also lacks a sufficient relationship to the property.

OEC 803 also provides:

"The following are not excluded by ORS 40.455, even though the declarant is available as a witness:

"* * * * *

"(24)(a) A statement not specifically covered by any of the foregoing exceptions but having equivalent circumstantial guarantees of trustworthiness, if the court determines that:

"(A)   The statement is relevant;

"(B)   The statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and

"(C)   The general purposes of the Oregon Evidence Code and the interests of justice will best be served by admission of the statement into evidence.

"(b)   A statement may not be admitted under this subsection unless the proponent of it makes known to the adverse party the intention to offer the statement and the particulars of it, including the name and address of the declarant, sufficiently in advance of the trial or hearing, or as soon as practicable after it becomes apparent that such statement is probative of the issues at hand, to provide the adverse party with a fair opportunity to prepare to meet it."

The exception embodied in OEC 803(24) is to be used rarely and only in situations where the interest of justice require. Here the declaration was of a material fact in the case which could have been proven by the testimony of the declarant. The record shows that Lemar was available as a witness but was not called by plaintiff. There was no reason to admit the statement under the residual exception. *See State v.*

*Campbell,* 299 Or 633, 705 P2d 694 (1985); *State ex rel Children's Serv. Div. v. Page,* 66 Or App 535, 674 P2d 1196 (1984).

■        Plaintiff also claims that the award of attorney fees under ORS 87.060(5) was unreasonable. Defendants presented a statement of the time spent on particular activities involved in the case on remand. The trial court reviewed plaintiff's objections to the statement and awarded $8,874 in fees. We conclude that the court was within its discretion in awarding that amount.[3]

Affirmed.

---

[3] We share the trial court's expressed concern that this litigation is far out of hand. What began as an action to foreclose a lien for $3,037 has generated two trials, two appeals and awards of attorney fees thus far of approximately $11,900.