John BLANCHARD,
by and through
his guardian ad litem Donald Blanchard,
*Appellant,*

*v.*

KAISER FOUNDATION HEALTH PLAN
OF THE NORTHWEST,
an Oregon nonprofit corporation,
*Respondent.*

(9012-07984; CA A82795)

901 P2d 943

Bruce A. Rubin argued the cause for appellant. With him on the briefs was Miller, Nash, Wiener, Hager & Carlsen.

I. Franklin Hunsaker argued the cause for respondent. With him on the brief were Lisa E. Lear, Lori R. Metz and Bullivant, Houser, Bailey, Pendergass & Hoffman.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

LANDAU, J.

## LANDAU, J.

Plaintiff brought this action for a declaration that defendant is required by statute to cover treatment for his reconstructive jaw surgery. We reversed the trial court's entry of summary judgment in favor of plaintiff. *Blanchard v. Kaiser Foundation Health Plan*, 117 Or App 377, 844 P2d 248 (1992), *rev den* 316 Or 142 (1993). On remand, the trial court entered judgment for defendant, and plaintiff appeals. We reverse.

Plaintiff suffers from a congenital condition called "partial anodontia," which leaves him with only six upper teeth and four lower teeth. Because none of those teeth meet, they cut into his gums and make it painful and difficult to chew food properly. Plaintiff has difficulty swallowing, cannot speak clearly and tends to spit when he talks.

Plaintiff consulted several experts, who recommended a bone graft to build up the jaw to make it wide and deep enough for titanium screws, to which teeth implants could be attached. Without the implants, plaintiff's remaining teeth will likely fall out, and his jawbone will suffer "resorption," a shrinking away from lack of proper stimulation. Even without the teeth implants, the bone grafts will improve plaintiff's facial configuration and functioning.

Plaintiff sought coverage under his group medical insurance plan provided by defendant. Defendant denied the claim. Plaintiff brought this action for a declaration that, under ORS 743.706, defendant is obligated to provide the requested coverage. ORS 743.706(1) provides:

"The Legislative Assembly declares that all group health insurance policies providing hospital, medical or surgical expense benefits include coverage for maxillofacial prosthetic services considered necessary for adjunctive treatment."

The statute then defines the term "maxillofacial prosthetic services considered necessary for adjunctive treatment" as

"restoration and management of head and facial structures * * * that are defective because of disease, trauma or birth and developmental deformities when such restoration and management are performed for the purpose of:

"* * * * *

"(b)   Controlling or eliminating pain; or

"(c)   Restoring facial configuration or functions such as speech, swallowing or chewing but not including cosmetic procedures rendered to improve on the normal range of conditions."

ORS 743.706(2). Defendant denied that it was obligated to provide coverage. According to defendant, the statute does not apply to ordinary dental services and, instead, requires coverage only when dental services are "adjunctive" to some independent "medical" condition. Defendant also asserted that plaintiff's proposed treatment fell within policy exclusions for all dental care, and that, in any event, coverage is limited to 50 percent of charges.

Armed with affidavits from his experts, plaintiff moved for summary judgment, arguing that his treatment satisfied all the requirements of ORS 743.706(2). Plaintiff argued that the statute did not impose any requirement that the requested treatment be adjunctive to an independent medical condition, but, instead, required only that it be performed for the purpose of "controlling or eliminating pain," or "[r]estoring facial configuration or functions such as speech, swallowing or chewing." With affidavits from its own experts concerning the need for, and the effects of, the requested treatment, defendant cross-moved for summary judgment. The trial court granted plaintiff's motion, denied defendant's motion, and entered judgment accordingly. Defendant appealed.

We reversed and remanded. *Blanchard*, 117 Or App at 381. We held that, under either plaintiff's or defendant's reading of ORS 743.706, there remained questions of fact about the need for, and effects of, the proposed treatment. We noted our agreement with defendant's reading of the statute, but maintained that, even under that construction, "there is sufficient evidence in the affidavit of plaintiff's expert to present a question of fact as to whether coverage is required." *Id.*

After a trial, the trial court found for defendant. Relying on this court's comments on defendant's construction of the statute, the court held that plaintiff could not prevail, because he had failed to establish that the requested

treatment was an adjunct to other medical treatment, and entered judgment for defendant. Plaintiff now appeals that judgment.

Plaintiff argues that the trial court simply misread the statute, and that under a proper reading of the statutory conditions of coverage, he is entitled to prevail. Defendant argues that plaintiff is precluded from attacking the trial court's construction of the statute, as it is the law of the case and, in any event, is correct. Before we determine whether the trial court correctly construed ORS 743.706, we address defendant's argument that the matter was conclusively determined in the first appeal, under the law of the case doctrine.

■      The law of the case doctrine

> " 'is a general principle of law and one well recognized in this state that when a ruling or decision has been once made in a particular case by an appellate court, while it may be overruled in other cases, it is binding and conclusive both upon the inferior court in any further steps or proceedings in the same litigation and upon the appellate court itself in any subsequent appeal or other proceeding for review.' "

*State v. Pratt*, 316 Or 561, 569, 853 P2d 827, *cert den* ___ US ___, 114 S Ct 452, 126 L Ed 384 (1993). (Citations omitted.) The rule does not, however, apply to every statement about the law or the facts that the court happens to venture in the course of rendering its decisions. For example, in *Star Rentals v. Seeberg Constr.*, 83 Or App 44, 730 P2d 573 (1986), we held that our previous expression of a conclusion of law that was not necessary to the reversal of the trial court's entry of summary judgment was not the law of the case in a subsequent appeal. We held that any ruling beyond the reversal of the summary judgment itself "was *dictum.*" *Id.* at 48. That is precisely what occurred in this case. We said in the first appeal that, *under either party's construction of ORS 743.706*, there remained factual issues that precluded the entry of summary judgment. *Blanchard*, 117 Or App at 381. Any opinion about which party's construction was correct, therefore, was entirely unnecessary to the disposition of the appeal and was *dictum*. Accordingly, we are not bound by that construction and turn, then, to the proper construction of the statute.

■ To determine whether ORS 743.706 requires defendant to provide coverage for plaintiff's proposed treatment, we begin with the text of the statute, properly read in context. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610, 859 P2d 1143 (1993). If we can determine the legislature's intentions from the text in context, our inquiry ends there. *Id.*

■ The text of the statute provides that "all group health insurance policies providing hospital, medical or surgical expense benefits" must provide coverage for "maxillofacial prosthetic services considered necessary for adjunctive treatment." ORS 743.706(1). There is no dispute that defendant's policy provides "hospital, medical or surgical expense benefits." Therefore, if plaintiff's treatment constitutes "maxillofacial prosthetic services considered necessary for adjunctive treatment," defendant must cover it.

The legislature has defined the term "maxillofacial prosthetic services considered necessary for adjunctive treatment." In pertinent part, ORS 743.706(2) provides that it is "restoration and management of head and facial structures" that is "defective because of disease, trauma or birth and developmental deformities," when the treatment is performed for the purpose of "[c]ontrolling or eliminating pain" or "[r]estoring facial configuration or functions such as speech, swallowing or chewing." ORS 743.706(2). Accordingly, if plaintiff's proposed treatment involves restoration of "head and facial structure," and is performed to control or eliminate plaintiff's pain, or to restore "facial configuration or functions such as speech, swallowing or chewing," then, by definition, it constitutes "maxillofacial prosthetic services considered necessary for adjunctive treatment."

Defendant vigorously asserts that the statute cannot be read in that fashion. According to defendant, the "maxillofacial prosthetic services" that must be covered are limited to those that are "considered necessary for adjunctive treatment." The reference in the statute to "adjunctive treatment," defendant argues, unambiguously limits the "necessary" treatments for which coverage is mandated to those that are provided as an "adjunct" to some independent medical treatment.

Under defendant's proposed construction, even if it has been established that treatment is restoration of head and facial structure for the purpose of controlling or eliminating pain or restoring facial configuration or speech, swallowing or chewing functions — which satisfies the legislative definition of "maxillofacial prosthetic services considered necessary for adjunctive treatment" — it must also be established that *that* treatment is "adjunctive" to an independent medical condition. According to defendant's reading of the statute, the requirements of ORS 743.706(2) are really intended to define only "maxillofacial prosthetic services," and the additional requirement that such services be "necessary for adjunctive treatment" is a separate and independent requirement. Defendant's argument, however, cannot be reconciled with the simple fact that the legislature has statutorily defined the *entire phrase* "maxillofacial prosthetic services considered necessary for adjunctive treatment," not just the first three words of the phrase. Thus, if plaintiff proves the requirements of ORS 743.706(2), then he has established a right to coverage.

■ We proceed with an application of the statute to the facts in this case. The evidence shows that plaintiff suffers from congenital partial anodontia, which, as both plaintiff's and defendant's experts agree, is a "birth and developmental deformity." The evidence further shows that the proposed treatment involves significant bone grafts to build up his jaw and enable teeth to be attached with titanium screws. That treatment clearly constitutes "restoration and management of head and facial structure." Defendant argues that the treatment constitutes no more than the restoration of plaintiff's teeth, and that the restoration of teeth is the restoration of a "dental" structure, not "facial structures" within the meaning of the statute. We disagree. To begin with, the statute draws no explicit distinction between "dental" and other types of structures or treatments; the statute makes no use of the term "dental" at all.[1] Moreover, whether teeth

---

[1] Defendant's own experts testified that teeth and jaws are part of the facial structure, and that there is no anatomical basis for drawing a distinction between those structures and other facial structures. Their opinion that plaintiff's treatment nevertheless did not constitute "restoration * * * of head and facial structures" was based on their assumption that the statute applies only to medical, as opposed to dental, treatment and that, at least historically, there is a recognized difference

constitute "facial structures" within the meaning of the statute is beside the point, for the treatment in this case — involving the reconstruction of the lower half of plaintiff's face — plainly involves more than the restoration of plaintiff's teeth. Even without the teeth implants, the surgery will substantially improve plaintiff's condition. Finally, it is undisputed that the treatment is intended to "control or eliminate pain" and to "restor[e] facial configuration or functions such as speech, swallowing or chewing."

In short, the evidence shows that plaintiff's treatment satisfies the statutory definition of "maxillofacial prosthetic services considered necessary for adjunctive treatment," which defendant is obligated to cover under ORS 743.706(1). The question remains whether the provisions in defendant's policy excluding "dental care" and limiting coverage to 50 percent of charges nevertheless apply. Plaintiff argues that defendant's policy cannot defeat coverage that is required by statute. Defendant does not respond to plaintiff's argument. Instead, it urges us not to consider that question, "because the record is inadequate." That is an interesting position to take in the light of the fact that defendant's trial brief includes argument on those points and that, in opening statements, both parties argued that the issues were properly before the court. Moreover, defendant fails to explain what else needs to be in the record to enable us to resolve the strictly legal question of the validity of its policy provisions. We turn to the question of the validity of the policy provisions.

■ We first address the exclusion for all "dental care." As we have noted, ORS 743.706(1) provides that group health insurance policies providing hospital, medical or surgical expense benefits must include coverage for "maxillofacial prosthetic services considered necessary for adjunctive treatment." If a policy contains a provision excluding from coverage what is required by statute, that provision is invalid, and the policy is construed as if it contained the provision required by statute. ORS 742.038(2); *Windsor Ins. Co. v. Judd*, 321 Or 379, 389, 898 P2d 761 (1995). In *Allen v. Pacific*

---

between dental and medical professions. There is, as we have noted, no statutory basis for the assumption that the statute draws any distinctions between medical and dental treatments. Instead, the statute is framed in terms of the anatomical target and effect of treatment.

*Hospital Assoc.*, 91 Or App 356, 757 P2d 428 (1988), for example, the defendant insurer's policy excluded all maxillofacial prosthetic services incurred more than 90 days after an injury. We held that the exclusion was contrary to *former* ORS 743.119(1), *renumbered* ORS 743.706(1), and was, therefore, invalid.

In this case, defendant's policy excludes from coverage all "dental care," even if the treatment otherwise satisfies the definition of "maxillofacial prosthetic services considered necessary for adjunctive treatment," for which the law requires coverage. We conclude that defendant may not exclude from coverage treatment that the statute requires simply by relabeling the treatment. To the extent that it excludes what must be covered under ORS 743.706(1), the exclusion is invalid.

■    We turn to the limitation of 50 percent of charges. ORS 743.706(3) provides that

> "[t]he coverage required by [ORS 743.706(1)] may be made subject to provisions of the policy that apply to other benefits under the policy including, but not limited to, provisions relating to deductibles and coinsurance."

The policy provision on which defendant relies to limit its coverage says:

> "**(2)   Maxillofacial Prosthetic Devices.** Maxillofacial prosthetic devices that replace head and facial structures that cannot be replaced by living tissue are provided at one-half Non-Member Charges * * *."

(Boldface in original.) On its face, the provision does not "apply to other benefits under the policy" and, instead, is limited to maxillofacial prosthetic devices only. The limitation is invalid.

Reversed and remanded for entry of judgment declaring that defendant is obligated to provide coverage.