On Claimant/Respondent's Petition for Award of Attorney Fees filed November 13, and Petitioners' Objection to Claimant/Respondent's Motion for an Extraordinary Attorney Fee filed November 27, 1996, petition for award of attorney fees in the amount of $3,500 allowed September 17, 1997

In the Matter of the Compensation of
Harley J. Gordineer, Claimant.

**LIBERTY NORTHWEST INSURANCE CORPORATION**
and M.O. Nelson & Sons, Inc.,
*Petitioners - Cross-Respondents,*

*v.*

Harley J. GORDINEER,
*Respondent - Cross-Petitioner,*
*and*

H & B TRUCKING and CIGNA Ins. Co.;
Oceanway Transportation, Inc.,
and SAIF Corporation,
*Respondents.*

(94-04853, 94-00533, 93-14467; CA A91688)

945 P2d 107

David O. Wilson, *contra*.

Before Landau, Presiding Judge, and Haselton and Armstrong, Judges.

LANDAU, P. J.

## LANDAU, P. J.

Employer M.O. Nelson & Sons (Nelson) sought judicial review of an order of the Workers' Compensation Board (Board) that set aside Nelson's responsibility denial. We affirmed without opinion. *Liberty Northwest Insurance Corp. v. Gordineer*, 144 Or App 495, 928 P2d 364 (1996). Claimant now petitions for attorney fees on appeal. We allow the petition and award claimant $3,500 in attorney fees.

The facts relevant to our disposition of this petition are taken from the Board's findings. In January 1979, claimant compensably injured his lower back while working for employer H & B Trucking (H & B). He became medically stationary in June 1980. The July 1980 determination order closing his claim awarded him 10 percent unscheduled permanent disability. The claim was later reopened, and claimant underwent further treatment. The claim was reclosed in November 1984, and claimant was awarded an additional 50 percent unscheduled permanent disability. In May 1986, claimant compensably injured his left shoulder and back while working for employer Oceanway Transportation, Inc. (Oceanway). In August 1987, claimant's Oceanway claim was closed, with claimant receiving temporary disability, but no permanent disability.

On September 28, 1993, while working as a truck driver for Nelson, claimant was loading his trailer when he was hit in the right eye by a tree limb. He recoiled, lost his balance, and fell onto his left side and back. Although he received intervening treatments for his eye injury, claimant did not mention that the incident had also caused additional back pain until a doctor's appointment on October 5, 1993. On October 13, 1993, claimant filed an injury claim alleging eye and back injuries. On December 8, 1993, Nelson denied responsibility for claimant's back injury and asserted that Oceanway was responsible. On March 17, 1994, H & B similarly denied responsibility for the back injury. On May 31, 1994, Oceanway advised claimant that "this is a denied claim and as a matter of law [claimant] has no aggravation rights in this claim." Claimant filed separate requests for hearing on the denials of responsibility issued by H & B and Nelson. He also filed a hearing request against Oceanway on issues of

temporary disability, but not of responsibility. The Director declined to issue an ORS 656.307 order.

The Board found that the September 28, 1993, incident was the major contributing cause of claimant's subsequent low back condition and resulting disability. Because claimant had sustained a new compensable injury, the Board concluded, responsibility had shifted from H & B to Nelson. *See* ORS 656.308(1). The Board set aside Nelson's responsibility denial.

Claimant requested an award of $10,822.50 in attorney fees under ORS 656.386(1), which provides for an award of attorney fees when a claimant finally prevails against an employer's refusal to pay compensation on the express ground that the condition or injury is not compensable. Claimant argued that, although neither H & B nor Nelson had denied compensability, the statute still applied, because *the effect* of their responsibility denials would have been to deny claimant any compensation, given that claimant had not filed a claim against Oceanway. The Board agreed and awarded claimant $8,000 in attorney fees.

Meanwhile, the 1995 legislature amended the workers' compensation statutes by, among other things, enacting a new provision at what is now ORS 656.308(2)(d):

> "Notwithstanding ORS 656.382(2), 656.386 and 656.388, a reasonable attorney fee shall be awarded to the injured worker for the appearance and active and meaningful participation by an attorney in finally prevailing against a responsibility denial. Such a fee shall not exceed $1,000 absent a showing of extraordinary circumstances."

That amendment applies to pending cases. *See generally Volk v. America West Airlines*, 135 Or App 565, 572-73, 899 P2d 746 (1995), *rev den* 322 Or 645 (1996). Accordingly, on its own motion, the Board withdrew its order awarding attorney fees to consider the effect, if any, of ORS 656.308(2)(d). Claimant argued that the amendment did not apply, because the case represented effectively a denial of compensability, not merely a denial of responsibility. The Board concluded that it was not necessary to decide that question, because even if the case involved a responsibility denial, extraordinary circumstances justified the $8,000 fee.

Nelson petitioned for judicial review, assigning error only to the portion of the Board's order setting aside Nelson's responsibility denial; Nelson did not assign error to the award of attorney fees. Following our affirmance, claimant now moves for an award of an additional $6,912.50 in attorney fees, once again under ORS 656.386(1) and also under ORS 656.382(2), which provides for an award of attorney fees to a claimant on an employer appeal, if the court concludes "that the compensation awarded to a claimant should not be disallowed or reduced." Nelson opposes the award, citing ORS 656.308(2)(d), arguing that, under the new statute, claimant's award must be limited to $1,000. Claimant replies that the new statute does not apply, because this effectively is a compensability case, and ORS 656.308(2)(d) applies only to responsibility denials. In fact, claimant argues that, because the Board agreed with him on that point, we are bound to follow it as a matter of *"res judicata."*

 We first address whether ORS 656.308(2)(d) applies to claimant's petition. We conclude that it does. The statute applies to "responsibility denials," and there is no debate that Nelson's sole defense to the claim was its denial of responsibility.[1] We find unpersuasive claimant's arguments that, either because the Board said so or because the claim is, in its pragmatic essence, not really a responsibility denial, ORS 656.386(1) and ORS 656.382(2) govern this motion and that ORS 656.308(2)(d) is irrelevant. As for the Board's prior decision, we understand claimant's reliance on what he characterizes as *"res judicata"* to refer to the principle of the "law of the case." *See Blanchard v. Kaiser Foundation Health Plan*, 136 Or App 466, 470, 901 P2d 943, *rev den* 322 Or 362 (1995) (explaining law-of-the-case rule). That principle does not apply in this case for the simple reason that the Board did not hold that ORS 656.308(2)(d) does not apply. It held that, whether the statute applied or not, claimant was entitled to $8,000 in fees. As for the merits of the point, claimant is simply incorrect. First, ORS 656.386(1) applies only if an

---

[1] We do not hold that ORS 656.308(2)(d) necessarily applies to *all* responsibility denials. In particular, we do not address whether responsibility denials processed under ORS 656.307—and for which "a reasonable fee for claimant's attorney" may be awarded under ORS 656.307(5)—are subject to the limitation of ORS 656.308(2)(d). This is not a "section 307" case.

employer refuses to pay "on the express ground that the injury or condition for which compensation is claimed is not compensable." That did not occur in this case, in which Nelson expressly disclaimed *responsibility*, not compensability. Second, and in any event, ORS 656.308(2)(d) applies, by its own terms, "[n]*otwithstanding ORS 656.382(2), [and ORS] 656.386.*" Thus, even if the statutes on which claimant relies otherwise apply, if claimant finally prevails on a responsibility denial, ORS 656.308(2)(d) applies.

■ We turn, then, to the question whether ORS 656.308(2)(d) limits the extent to which claimant may recover attorney fees on review. The text of the statute unambiguously provides that, in the absence of "extraordinary circumstances," the maximum attorney fee a claimant may recover "in finally prevailing against a responsibility denial" is $1,000. That is a limitation on the amount of fees a claimant who finally prevails may recover "against a responsibility denial," that is, for the entire case. The statute does not impose a limitation of $1,000 on the amount of fees that may be awarded at various stages of the case. When the legislature intends to do that, it plainly says so. *See, e.g.,* ORS 656.386(1) (allowing an award of fees "where a claimant finally prevails against the denial *in an appeal*" (emphasis supplied)); ORS 656.382(2) (allowing an award of fees to a claimant who prevails on an employer-initiated "request for hearing, request for review, appeal or cross-appeal to the Court of Appeals or petition for review to the Supreme Court"); ORS 656.388 (1) (allowing an award of fees when a claimant "finally prevails after remand from the Supreme Court, Court of Appeals or Board"). In contrast, in ORS 656.308(2)(d), the legislature chose different language, calling for a single award when a claimant finally prevails in a responsibility denial case. That award is limited to $1,000, "absent a showing of extraordinary circumstances."

In this case, we need not examine precisely what the legislature intended "extraordinary circumstances" to mean, because Nelson does not challenge the Board's finding that such extraordinary circumstances exist in this case. Nelson does suggest that we should conclude that, even though there may have been extraordinary circumstances at the Board level, none exist on appeal. We reject that suggestion. As we

have noted, the statute plainly does not contemplate re-examining, at each stage of a claim, the extent to which an award may exceed $1,000. If extraordinary circumstances exist, then the final award of attorney fees to a claimant who prevails against a responsibility denial is not limited to $1,000. The Board so found, and Nelson does not challenge that finding.

■ That leaves us with the final issue of the amount of the fee to which claimant is entitled under ORS 656.308-(2)(d). The statute provides that, whether the $1,000 "cap" applies, in all cases, the award of attorney fees must be reasonable. Nelson contends that claimant's request of nearly $7,000 is unreasonable. According to Nelson, the petition for judicial review involved two substantial evidence issues that required no great amount of research or preparation, certainly not a virtual duplication of the expense involved in presenting the case at the hearing level. Claimant replies with the assertion that his fee request is reasonable. We agree with Nelson, and conclude that an award of $3,500 is reasonable given the nature of the issues presented to this court.

Petition for an award of attorney fees allowed in the amount of $3,500.